[S. F. No. 1769.   Department Two. — May 29, 1901.]

## J. H. HICKEY, Respondent, v. M. COSCHINA et al., Appellants.

SALES — STATUTE OF FRAUDS — DELIVERY AND CHANGE OF POSSESSION — QUESTION FOR JURY. — Where a sale of personal property is attacked by the creditors of the vendor, the question whether the sale was accompanied by an immediate delivery, and followed by an actual and continued change of possession, is a question of fact for the jury to determine.

ID. — APPEAL — SUPPORT OF VERDICT — ACTION OF TRIAL COURT. — Where the trial court, which had the power to set the verdict

---

[1] 85 Am. Dec. 103, and note.

aside, though the evidence was conflicting, has affirmed the verdict of the jury by denying a new trial, it will not be disturbed upon appeal from the order, if the verdict has any substantial support in the evidence.

ID. — EMPLOYMENT OF VENDOR AFTER SALE. — The employment of the vendor by the vendee, after the sale, though a suspicious circumstance to be carefully weighed by the jury, is not conclusive, and may be explained; and where there is independent evidence tending to show an immediate delivery, and actual and continued change of possession, the employment of the vendor by the vendee is not prohibited by law, and a verdict in support of the sale will not be disturbed on that ground.

ID. — DEMAND AND AFFIDAVIT SERVED UPON CONSTABLE — ABSENCE OF ISSUE — COPY — WAIVER OF OBJECTION. — Where no issue was taken by the answer as to the demand and affidavit alleged in the complaint to have been served upon the constable, and no objection was made when they were offered in evidence, all objection thereto is waived, and it cannot thereafter be urged that the evidence shows that a copy, and not the original affidavit, was served.

ID. — CLAIM AND DELIVERY — EVIDENCE — VALUE OF STOCK OF GOODS SOLD — INVOICE. — In an action of claim and delivery, a verdict fixing the value of a stock of goods wrongfully taken from plaintiff's possession is sufficiently supported by uncontradicted evidence of an invoice of the goods, footing up the value, which was made by the plaintiff a few days before the goods were levied upon, and to which no objection was taken when it was introduced.

ID. — DAMAGES FOR DETENTION — PLEADING — EVIDENCE — SUPPORT OF VERDICT. — In an action to recover the possession of personal property, the plaintiff may recover damages for its detention; and where a general averment of such damages in the complaint was not challenged, and the evidence of the plaintiff in relation thereto was not objected to, and the mode of his estimation thereof was not inquired into upon cross-examination, a verdict awarding damages for the detention is sufficently supported.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion.

Will M. Beggs, for Appellants.

I. S. Thompson, and C. L. Witten, for Respondent.

COOPER, C. — This action was brought to recover of defendant Coschina as constable, and the other defendants as sureties on his official bond, a certain stock of cigars, goods, and fixtures in a cigar-store at No. 116 West Santa Clara Street, in

the city of San José, or in case a delivery cannot be had, the value thereof, with damages for the detention. The case was tried with a jury, and a verdict returned for plaintiff, fixing the value of the property at $315, and the damages to plaintiff by reason of the taking at $140. Judgment was accordingly entered. Defendants made a motion for a new trial, which was denied, and this appeal is from the order denying said motion. No objection appears to have been made to the instructions given by the court to the jury.

The principal question discussed in the case is as to whether the evidence supports the verdict. There is no question here as to the good faith of plaintiff in purchasing the goods, nor as to the payment of the purchase price. The only question is as to whether the sale was accompanied by an immediate delivery and followed by an actual and continued change of possession. The evidence upon this question was conflicting, but the jurors were the judges of the question of fact, and by their verdict they have determined that there was such immediate delivery and actual and continued change of possession. The court below had the power to, and no doubt did, carefully weigh and consider the evidence for the purpose of determining whether or not the verdict was the correct conclusion from all the testimony in the case. It had the power to set aside the verdict, even though the evidence was conflicting, if convinced that it was unjust, or not in accord with the weight of the evidence. Here we have no such power. The presumptions are all in favor of the correctness of the verdict. To this presumption is added the sanction of the court below in denying the motion for a new trial. We can therefore only look to the evidence, and if the verdict finds substantial support therein, we cannot disturb it.

The plaintiff testified: "I took possession of the goods that evening; some of them were already in my rooms and the balance was put in my rooms. . . . I was the owner and conducting a cigar-store at No. 116 West Santa Clara Street, in the city of San José, California, on the 6th of April, 1897. I had been engaged in that business about a month. I commenced fitting up my store on the first day of March, 1897, and opened it for business about the tenth day of March, 1897. I continued my business at the same place until the defendant M. Coschina took possession of it on the sixth day of April, 1897."

The witness Offield testified: "At the time of the sale, the goods were delivered into his possession, and he has had continuous possession of them ever since."

Mrs. Offield, the daughter of plaintiff, testified: "The position of the goods was not changed until the evening of the sale. About half were in father's rooms, and half in our rooms, and they were all moved into father's rooms that night."

There is other testimony tending to show an immediate delivery and an actual and continued change of possession, but the above is sufficient. It is urged that plaintiff, after the sale, employed Offield, his son-in-law, in and about the cigar-store. While this was a suspicious circumstance, and one that should have been carefully weighed by the jury and the court below, yet it was by no means conclusive. It was a circumstance that might be, and was, explained. The jury had the right to believe the explanation. If the son-in-law, after the sale, had made no delivery, and continued in the sole and exclusive possession, it would amount to a fraud in law. But there is evidence of an actual delivery and a continued change of possession. The employment by plaintiff of the son-in-law, who had sold the goods, is not prohibited by statute.

It is claimed by appellant that the court erred in admitting in evidence the demand and affidavit of plaintiff setting out his title and right to possession, under section 689 of the Code of Civil Procedure.

The argument of appellant is, that the evidence shows that a copy, and not the original affidavit, was served. It is sufficient to say that no such objection was made when the affidavit was offered in evidence. Further, there was no issue as to the demand and affidavit. The complaint, which is verified, alleged that the demand and affidavit marked "Exhibit A" were served upon defendant Coschina. The answer does not deny the allegation.

The verdict fixing the value of the property is supported by the evidence. The plaintiff testified that he took an invoice four days before the goods were attached, and that the stock and fixtures footed up $482. This evidence is not contradicted. Nor has our attention been called to any other evidence as to the value at the time of the taking. The evidence seems to have been admitted without objection, and we cannot say that it was not competent for all parties to allow the invoice as evidence of value.

There was evidence to support the portion of the verdict awarding plaintiff damages. Plaintiff testified that he was damaged in the sum of $450 or $460. No objection appears to have been made to this evidence, nor is it shown in cross-examination or otherwise how this damage was estimated. But we must take the record as we find it, without regard to what the record under other circumstances might show. In an action to recover the possession of personal property, the plaintiff may recover damages for the detention. (Code Civ. Proc., sec. 667; *Kelly* v. *McKibben*, 54 Cal. 192.)

The defendants appear to have allowed a general allegation of damage to go unchallenged in the complaint. They also allowed the plaintiff to make a general statement as to how much he was damaged, without requiring him to state in what manner. The jury seems to have compromised the matter by allowing $115 damages. We cannot disregard the evidence for the first time in this court, and hold that there is no evidence of damages.

The order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        McFarland, J., Henshaw, J., Temple, J.