[Civ. No. 9275. First Appellate District, Division Two.—October 15, 1934.]

PETER SOARES et al., Appellants, v. A. GHISLETTA, Respondent.

Alberto Moura and Louis B. De Avila for Appellants.

Carlos R. Freitas, Jerome A. Duffy and Thomas F. Keating for Respondent.

SPENCE, J.—Plaintiffs sought damages in the sum of $540 for the alleged conversion of twelve heifers. Defendant denied the conversion and alleged by way of affirmative defense that he had taken up the heifers and had subsequently caused the sale of the same pursuant to the provisions of the Estray Act. (Deering's Gen. Laws, Act 387.) Upon a trial by the court sitting without a jury, defendant had judgment and from said judgment plaintiffs appeal.

Several points are raised by appellants but we do not believe that all of said points require extended discussion. Two of the main contentions are, first, that the heifers were not estrays within the meaning of the Estray Act and, second, that there was no competent evidence to show a compliance by the respondent within the provisions of said act.

With respect to the first contention appellants concede that the heifers had left the ranch of appellants and were trespassing unattended upon the adjoining ranch of respondent at the time they were taken up. It is claimed, however, that the heifers were not estrays as their owner was known to respondent at the time. Conceding that the ownership was known, we are nevertheless of the opinion that said heifers were estrays within the meaning of said act. The word "estray" is not one which has had the same meaning at all times and in all localities. (See Webster's New International Dictionary.) Its meaning at common law and also under the statutes in this state was the subject of an extended discussion in *Yraceburn* v. *Cape*, 60 Cal. App. 374 [212 Pac. 938]. On pages 380 and 381 of the opinion the court there said: "The act as thus amended remained in force until the year 1915, when it was again amended by the substitution of an entirely new set of sections for those embodied in the original act of 1901 and of its said amend-

ment in 1909 and from which substituted sections the definition of the term 'estrays' as above quoted was omitted, and the term was apparently used in its original signification, with the exception that under the act of 1915 in order to constitute animals estrays it was not necessary that the ownership of such animals should be unknown to the person finding and impounding such animal. (Stats. 1915, pp. 636, 637.)'' (See, also, 2 Cal. Jur., p. 41.) From a reading of the statute and the authorities cited, we are satisfied that the present act covers animals belonging to known as well as to unknown owners.

The second main contention of appellants deals with the competency of the evidence admitted to prove a compliance with the provisions of said act. Evidence was admitted to show among other things (1) recordation of a notice of the taking up, (2) service of a similar notice upon the owner, (3) service of notice in writing upon the constable, (4) the sale by the constable in accordance with the statute, and (5) service of notice upon the Director of Agriculture. For proof of the last three, respondent offered affidavits which were admitted. Appellants now contend that these affidavits were not competent evidence to prove the facts. It may be conceded that the affidavits were incompetent to prove the facts mentioned (Code Civ. Proc., sec. 2009), but if such affidavits were admitted without any objection or without proper objection, appellants may not now raise the point. (*Parsons* v. *Easton,* 184 Cal. 764 [195 Pac. 419] ; *Mercantile Trust Co.* v. *Sunset Road Oil Co.,* 176 Cal. 461, 466 [168 Pac. 1037] ; *Williams* v. *Hawley,* 144 Cal. 97, 102 [77 Pac. 762] ; *Janson* v. *Brooks,* 29 Cal. 214, 223; 2 Cal. Jur. 805.) In our opinion the only objection made to the admission of the affidavits was insufficient. Said affidavits were offered but were not admitted at one of the hearings because of an objection to the state of the pleadings. Thereafter respondent filed an amended answer and said affidavits were again offered at a subsequent hearing. They were then admitted over the following objection: ''Now may I make the general objection, Your Honor, in this regard on the ground it is incompetent, irrelevant and immaterial for the reason that the matter set forth in the special and affirmative defenses does not state facts sufficient to constitute a defense. I may state that is a general

proposition, Your Honor, to save my making the objection each time a document is introduced.'' It will thus be seen that the general objection was confined to the reasons stated for the making thereof. Appellants did not object to the *form* of the proof but to its *substance* upon the ground that the special defense set forth in the answer did not state facts sufficient to constitute a defense. No attack is made upon the sufficiency of the pleadings upon this appeal and appellants may not now object to the form of the proof when the trial court had no reason to believe that they were objecting upon that ground. The language of the court in *Le Mesnager* v. *Hamilton*, 101 Cal. 532 [35 Pac. 1054, 40 Am. St. Rep. 81], seems pertinent here. The court there said at pages 539 and 540: ''If it be assumed that the general objection to the effect that the offered testimony was 'incompetent, irrelevant, and immaterial', if it had stood alone, would have been sufficient to raise such a question, a point which it is unnecessary to decide at this time; still, such objection was obviously insufficient for that purpose when the particular ground upon which it was claimed that such offered evidence was incompetent, irrelevant, and immaterial, was stated to be for the reason that . . . '' (See, also, Jones on Evidence, 3d ed., sec. 893.)

The remaining contentions of appellants involve technical objections to the proceedings taken by respondent in causing the sale of the heifers under the provisions of the Estray Act. We have examined the various objections raised and are of the opinion that there was a sufficiently strict compliance with all of the terms of said act to effect a valid sale.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 13, 1934.