[Civ. No. 13560.   Second Dist., Div. One.   June 10, 1942.]

S. E. CAMPBELL, Respondent, v. C. T. CLIFFORD, Appellant.

John L. McNab and A. I. McCormick for Appellant.

McCutchen, Olney, Mannon & Greene and Jo Henderson for Respondent.

YORK, P. J.—This is an appeal from an order denying defendant's motion for change of place of trial from Los Angeles County to the city and county of San Francisco. Said motion was made, submitted and decided upon appellant's affidavit of merits and residence, and respondent's complaint and counter-affidavit.

The complaint contains two causes of action, and expressly alleges that appellant, at all material times, was and is a resident of the city and county of San Francisco.

As part of the first cause of action it is alleged: "III. That on or about the 20th day of November, 1936, at Los Angeles, California, plaintiff and defendant made and entered into an employment contract to be effective as of January 1, 1936, wherein and whereby plaintiff promised to furnish to defendant plaintiff's services as district manager of defendant's said business, in the territory administered from defendant's Los Angeles office, and in consideration thereof defendant promised to pay to plaintiff at Los Angeles, California, as plaintiff's compensation for said services, in lieu of salary, forty-five (45) per cent of the net profits . . . That said contract was evidenced by a letter dated October 17, 1936, from defendant to plaintiff, which was received by plaintiff on or about November 20, 1936, a true copy of which—entitled 'Exhibit A'—is attached hereto and hereby incorporated herein.

"IV. That ever since said employment contract was made until August 13, 1941, plaintiff did fully and faithfully perform his duties as said district manager . . . That on August 13, 1941, plaintiff did leave the employ of defendant, because of defendant's breach of said employment agreement, as hereinafter mentioned."

The second cause of action is in the form of a common count alleging the indebtedness of appellant to respondent "in the sum of $30,000 on an account for work, labor and services in managing defendant's business in Southern California, performed at the request of the defendant at Los Angeles, California, between the 31st day of December, 1939, and the 13th day of August, 1941."

The prayer is for an accounting; for judgment in the sum of $30,000 and other relief.

The letter attached to the complaint and marked "Exhibit A," follows:

"Oct. 17, 1936

"S. E. Campbell, Los Angeles Office. Dear Sir: Answering yours of October 16, I had in mind since my return from Los Angeles the confirmation of the agreement between us on the basis of 45% net profit to you and 55% of net profit of your territory to the company, but I have not had sufficient time since my return to give the matter the necessary thought to determine how we are going to run our books in order to apportion properly, or, in other words, charge to your territory, Federal, State, and perhaps other taxes which may be levied in the future. As you realize, it will require a very heavy tax program, and perhaps mostly on profits, to overcome the deficit accumulated by the present spending policy of our different Governments.

"We must devise some manner of determining these taxes in dollars and cents prior to the declaration of departmental profits in arriving at the net result of the different departments; otherwise the company's share might not be sufficient to pay the taxes. It might seem ridiculous, at this time to infer that 55% of the net profits would not be sufficient to pay the taxes, but if you will consider at the moment the speed at which taxes have been mounting, and the fact that taxes to offset such expenditures and deficits would undoubtedly be applied to profits, you will readily understand that while the income tax might never reach 55%, it will reach very large figures.

"Since my return from Los Angeles, I have been unable to make up for the lost time; consequently I have not been able to give the matter much thought, but I will do so at the very earliest opportunity. In the meantime, this letter should serve as protection to your estate provided you and I should slip to the Great Beyond prior to our being able to put all details in writing governing our understanding that the net profits accruing from your territory each year shall be credited to your account on the basis of 45% of the net profit, with all that is advanced to you during the year, in the form of salary and expenses, being considered an advance to you and being deducted from the credit to your account of 45% of the net profit. The declaration of these profits shall be based upon contracts completed during the calendar year

or that portion of the calendar year which you would remain in the employ of the company. Yours truly, C. T. Clifford.''

Appellant avers in his affidavit of merits that his residence is the city and county of San Francisco; that the above letter ''was written and mailed by him in the City and County of San Francisco, State of California, and shows on its face an acceptance by defendant of an offer made by plaintiff subject to the terms and conditions recited in said letter.''

Respondent's counter-affidavit avers that ''the 'agreement' and 'understanding' purportedly confirmed by Exhibit A . . . were made and entered into in a conversation had between plaintiff and defendant in the City of Los Angeles during the spring of 1936.''

That portion of section 395 of the Code of Civil Procedure which deals with the venue of actions arising upon contract reads as follows (as amended in 1939):

''. . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.''

In interpreting said section 395, *supra,* it was stated by the court in *Armstrong* v. *Smith,* 49 Cal. App. (2d) 528, 532, 533 [122 P. (2d) 115, 117, 118]: ''What the legislature has in substance said is that all actions arising on contract shall be tried in the county in which the defendant resides, or in which the contract was made, unless the defendant has contracted specially and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of the action. . . . The obligation of a contract is incident to its making. It is incurred at the time the contract is made and follows it until the contract is extinguished. The obligation arises as soon as the contract takes breath and may be breached at any time while it has life. While it is the law, in conjunction with the contract, which casts the obligation, the law does not wait until it is breached to cast it. This is done when the contract is made. So with the contract before us, all obligations arising under

it were incurred at the time and in the county in which it was made.''

Appellant urges that the letter (Exhibit A) is the contract containing the obligation upon which the instant action is founded, because the complaint alleges that (1) the contract is evidenced by said letter and not the oral understanding or agreement; and (2) the contract was entered into on or about November 20, 1936, and not in the spring of 1936; also, that the execution of the letter by appellant and its mailing superseded all negotiations which preceded or accompanied its execution. (Civ. Code, § 1625.) Appellant further argues that he became liable for the performance of his obligation (evidenced by his letter, Exhibit A) at the time and place he signed and mailed said letter in answer to a letter of respondent to him; that this occurred in San Francisco and not at Los Angeles.

Respondent maintains that the contract was made in Los Angeles and that said letter (Exhibit A) constitutes merely a confirmation thereof.

The letter in question fails to disclose either the type of business or the nature of the contract which purportedly then existed between said parties, but is a dissertation upon the manner in which the books should be kept so as to properly apportion taxes and charge them against the business arising in the Los Angeles territory. A careful reading of said letter immediately raises the inference that whatever agreement or understanding the parties had on the subject had been consummated while appellant was in Los Angeles. In order to substantiate his claim that the letter was an acceptance of an offer made by respondent and contained in a letter dated October 16th, it would seem that appellant might have incorporated in his affidavit of merits some idea of what said letter of October 16th contained in the way of an offer.

Exhibit ''A,'' standing alone, is insufficient to overcome the allegations of the complaint and the conclusion of the trial court, that the contract between the parties was made in Los Angeles, and that all obligations arising under it were incurred in said county.

For the reasons stated, the order appealed from is affirmed.

Doran, J., and White, J., concurred.