[Civ. No. 3466. Fourth Dist. Oct. 1, 1947.]

W. M. WILSON, Respondent, v. FRED HOFFMAN, Appellant.

Melvin Hoffman, Denio, Hart, Taubman & Simpson, James Munholland and Matthew C. Simpson for Appellant.

Stephen F. Gallagher for Respondent.

MARKS, J.—This is an appeal from an order denying defendant's motion to change the place of trial from Orange County to Los Angeles County.

By the action plaintiff seeks judgment for $1,674.50, for drilling a water well on defendant's land in Los Angeles County under the terms of a written contract, a copy of which is attached to the complaint. The contract recites that it was "made and entered into at Santa Ana, California" and describes the property on which the well is to be drilled as in Los Angeles County.

The complaint recites "that the contract, which is the basis for this action, was entered into in the County of Orange, wherein the obligation sued upon herein was incurred and is payable, and wherein the plaintiff resides."

Defendant filed his notice of motion to change the place of trial, which was supported by an affidavit of merits and an affidavit by defendant and his wife to the effect that defendant at all material times was a resident of the city of Long Beach in Los Angeles County and that the written contract was entered into and signed in the home of defendant at 160 Bennett Avenue in the city of Long Beach in Los Angeles County. No counteraffidavit was filed.

The venue of this action is to be determined by the provisions of section 395 of the Code of Civil Procedure, which contains the following: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed, unless there is a special contract in writing to the contrary."

The contract was *in fact* entered into in Los Angeles County and the written contract contained no special provision that payment was to be made elsewhere.

■ The action is based on contract and as said in *Goossen* v. *Clifton*, 75 Cal.App.2d 44 [170 P.2d 104], ''The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can—otherwise, the defendant's right is to have the case tried in the county of his residence. (See cases collected 25 Cal.Jur. § 13, p. 866.) Actions in contract, except as provided in section 395, above quoted, are personal actions triable in the county of defendant's residence. (See 25 Cal. Jur. § 15, p. 869.)'' (See, also, *Peterson* v. *Sherman*, 68 Cal. App.2d 706 [157 P.2d 863]; *Bybee* v. *Fairchild*, 75 Cal.App. 2d 35 [170 P.2d 54]; *De Campos* v. *State Comp. Ins. Fund*, 75 Cal.App.2d 13 [170 P.2d 60].)

■ Plaintiff argues that the recitation in the contract that it was made and entered into in Santa Ana, Orange County, California, is sufficient to hold the case in that county. The identical argument was made in *Taylor* v. *Lundblade*, 43 Cal.App.2d 638 [111 P.2d 344], where it was said: ''It is to be noted that the legislature, in determining the place of trial, did not provide the proper county was where the contract may have been made, or where the contract declared it to have been made, or where the parties may have stipulated it was made, but declared that the county where the contract was *in fact* made is the proper county for the commencement of the action.'' It was also held that the recital in the attestation clause to the effect that the contract was executed in one county, when in fact it was executed in another county, was not sufficient to prevent the change in the place of trial.

In *Armstrong* v. *Smith*, 49 Cal.App.2d 528 [122 P.2d 115], in discussing the proper place of trial of an action based on contract, it was said: ''The effect of the limitation is to cut down the number of counties in which an action may properly be tried to two, namely, the county in which the defendant resides, and the county in which the contract was made. Having set up the limitation, the legislature created an exception to it, providing that if it be specially contracted in

writing as to the county of performance, such county is also a proper county for the trial of an action. Under conditions where the exception is effective, the number of proper counties goes back to three.''

Upon the foregoing we must conclude that the motion to change the place of trial should have been granted.

The order is reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied October 29, 1947, and respondent's petition for a hearing by the Supreme Court was denied November 24, 1947.