[Civ. No. 3753.   Fourth Dist.   Mar. 17, 1949.]

G. W. McNEAR, INC. (a Corporation), Respondent, v. GEO-
PHYSICAL SERVICE, INC. (a Corporation), Appel-
lant.

Harvey, Johnston, Baker & Palmer for Appellant.

Dearing, Jertberg & Avery for Respondent.

BARNARD, P. J.—Geophysical Service, Inc., appeals from
an order denying its motion to transfer this matter to the
Superior Court of Los Angeles County.   The proceeding was
brought by G. W. McNear, Inc., to compel the appointment

of an arbitrator and to require that an arbitration proceed in accordance with the provisions of a written contract. The respondent is a California corporation with principal offices in San Francisco. The appellant is a foreign corporation authorized to do business in California, with its principal California office in Los Angeles.

On September 2, 1947, these parties executed an agreement which provided that the appellant might do certain geological and geophysical work on a tract of land in Fresno County owned by the respondent, on condition that it would pay for any damage done to existing water wells on the property. The work was to be begun within two weeks and completed within 60 days thereafter. It was agreed that "Food Machinery Corporation" was to inspect the wells before and after the work, and make a report with its estimate of the amount of damage, if any. This report was to be conclusive as to the fact of damage but not as to the amount. It was then provided that in the event damage was reported, and if the parties could not agree as to the amount of compensation, each of the parties should appoint an arbitrator, the two so appointed should forthwith select a third, and the decision of the majority should be binding. Attached to the contract was an agreement to make the inspections and furnish the reports mentioned, which was signed "Food Machinery Corporation by E. H. Hansen."

The petition herein set forth a copy of this contract and alleged that Food Machinery Corporation had determined on December 19, 1947, that damage from this work had resulted to a certain water well on this land; that the parties were unable to agree as to the amount of compensation therefor; that the petitioner had appointed a certain person as an arbitrator and had demanded, in accordance with the contract, that the appellant appoint an arbitrator; and that the appellant has refused so to do or to proceed with the arbitration in the manner agreed upon.

The appellant filed a demurrer and moved for an order transferring the proceeding to Los Angeles County. Its affidavit in support of the motion alleged that its principal office in California is in Los Angeles and that it has not maintained an office in the county of Fresno; that the petitioner's principal office is in San Francisco; and that the agreement set forth in the petition was signed in September, 1947, but was not entered into in Fresno County. It was then alleged that

this agreement so signed was never, and is not now, a contract between the parties; that there is no written agreement to submit any controversy to arbitration; that grounds exist for the revocation of the agreement so signed; that on March 12, 1948, a written notice of rescission was served on the respondent and on Food Machinery Corporation; that E. H. Hansen, who signed the agreement on behalf of Food Machinery Corporation, was not authorized to sign the same since he was personally interested in the water well claimed to be damaged and in the recovery of damages to said well; that Hansen knew when he signed the agreement that he was acting as an agent of the respondent; that the appellant signed the agreement believing that Food Machinery Corporation was a disinterested party; and that Food Machinery Corporation, therefore, could not accept any duty under the agreement and could not make any determination as alleged in the petition.

The matter was submitted on the petition and appellant's affidavit. The motion for change of venue was denied and this appeal followed. In its opening brief the appellant contends that it clearly appears that its residence and principal place of business is in Los Angeles County; that the contract was not made in Fresno County; that the fact that the contract concerned damage to a water well in Fresno County is immaterial; that the only matter involved is a proceeding to compel the appointment of an arbitrator; that this is purely equitable and entirely transitory; that any order issued must be effective where the appellant can be found, which is in Los Angeles County; that an arbitrator may reside and may act anywhere; and that if the collection of any damages is involved there is no contractual provision that such damages be paid in Fresno County.

The respondent concedes that this matter is transitory and equitable in nature, and that the contract was not made in Fresno County. It contends that the matter of venue is here controlled by section 16 article XII of the Constitution rather than by section 395 of the Code of Civil Procedure. Section 16 provides that a corporation may be sued "in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, . . ." It is then argued that the burden of proof is on the appellant to show that Fresno County is not a proper county for trial; that this may not be done by merely

showing that appellant's residence is in Los Angeles County; that the appellant must further show that the contract was not to be performed in Fresno County, that the obligation or liability did not arise there and that the breach did not occur in that county; and that the appellant has failed in this regard. In its closing brief, the appellant contends that the appointment of an arbitrator by it was necessarily an act which was to be performed where appellant is located, and that the appointment of an arbitrator has nothing to do with the collection of damages for any alleged injury to a water well since it is to be presumed that an arbitrator, if appointed, will perform his duty. It is further contended that since no counteraffidavit was filed appellant's affidavit conclusively proves that the alleged contract was rescinded for fraud on March 12, 1948, and that it follows that there was no existing contract, that no breach could have occurred in Fresno County, and that no obligation or liability to appoint an arbitrator could have arisen there.

Aside from the claim of rescission because of fraud the allegations of appellant's affidavit, which are material here, were confined to the fact that its principal place of business is in Los Angeles, and that the contract was not made in Fresno County. No direct attempt was made to allege facts relating to where the contract was to be performed, where the obligation or liability arose, or where the breach occurred. Indirectly, these matters are included in the contention that there was no existing contract at all. Disregarding for the moment the claim of rescission, we think it sufficiently appears that it was the intention of the parties that this contract was to be performed in Fresno County, and that it also appears that the obligation or liability arose there. The land was there, the contemplated work could only be done there, and any possible injury to the water wells must occur there. The entire contract relates to something to be done in Fresno County and to what shall then be done if a certain thing occurs in that county which did occur there. The agreement to pay damages was a part of the contract covering work to be done in Fresno County, as was the agreement for arbitration, and the liability for damage and the obligation to appoint an arbitrator arose directly from this contract for work which was to be performed in that county. The contract was to be performed in Fresno County and the provisions for an arbitration were incidental to and a part of that performance. The appellant

did not meet the burden of proof resting upon him in this regard, and the facts in that connection were sufficient to support the court's action in denying the motion. (*Rawson* v. *J. C. Forkner Fig Gardens, Inc.*, 206 Cal. 4 [272 P. 1057]; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360 [99 P.2d 678]; *Swartz* v. *California Olive Growers' etc. Corp.*, 56 Cal.App.2d 168 [133 P.2d 20].) "In a suit upon the contract of a corporation, where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances . . . indicate that the parties expected or intended it to be performed." (*Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314 [74 P. 855, 65 L.R.A. 90].)

It does not conclusively appear that no contract had ever existed, or that it had been properly rescinded. The notice of rescission was given on March 12, 1948, long after the work was completed and when no restitution could be made. The petition sufficiently alleged an existing contract. Appellant's affidavit admitted the execution of that contract but claimed that it was invalid. The most that can be said is that there was a conflict between the allegations of the petition and those contained in the affidavit. Moreover, the claim of invalidity was a matter which might be appropriate at the hearing, but which was not controlling with respect to the proper place for a hearing.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 12, 1949.