[Civ. No. 15433.   First Dist., Div. One.   July 1, 1953.]

PACIFIC BAL INDUSTRIES (a Corporation), Respondent, v. NORTHERN TIMBER, INC. (a Corporation) et al., Defendants; W. B. JONES LUMBER COMPANY et al., Appellants.

818

Maurice J. Hindin for Appellants.

Wallace S. Myers for Respondent.

WOOD (Fred B.), J.—This is an action in contract brought in Marin County for the purchase price or the value of lumber sold.

In the complaint first filed plaintiff named but one defendant, Northern Timber, Inc., a corporation, which moved for a change of venue. Its motion was denied and it did not appeal.

Plaintiff then amended its complaint, bringing in four additional defendants: two individuals, R. J. Holmes and U. C. Graffeo, and two corporations, W. B. Jones Lumber Company and El Segundo Trucking Company.

Each of the five defendants moved for change of venue. Their motions were denied. All of the defendants except Northern Timber have appealed. Because of its bearing upon this appeal, it is desirable to consider the motion made by Northern Timber when it was the sole defendant.

*The motion first made by Northern Timber* was for transfer of the cause to Los Angeles County upon the ground that its sole residence and office are in Los Angeles County; that it has never maintained any office in Marin County, nor did it have any servants, agents, officers, or employees engaged in any business in Marin County; that if any obligation was incurred by it in favor of plaintiff such obligation was consummated and negotiated in Los Angeles County; and the performance of any such obligation was to occur in Los Angenes County.

Plaintiff, in its affidavit filed in opposition to the motion, stated that it delivered a certain quantity of lumber to defendant Northern Timber, Inc., at Redding, Shasta County, and forwarded its invoice to defendant; that through defendant's error the invoice was paid to E. W. Whitney, a lumber broker operating in Northern California, and plaintiff was required to get that payment from Whitney; that on August 18, 22, and 28, 1950, plaintiff delivered additional quantities of lumber to defendant, in Shasta County, each time forwarding its invoice to defendant; that the invoices were payable to plaintiff at San Anselmo, Marin County. A copy of the invoice of August 28, 1950, annexed to the affidavit, indicates as the buyer: "Northern Timber, Inc., 117 North Robertson Blvd., Los Angeles, Calif." The affidavit sets forth a letter of August 29th to Northern Timber, Inc., in which plaintiff said: "Any and all invoices in the future should be paid through this office." In response, August 31, 1950, Northern Timber, Inc. wrote plaintiff: "We will follow the instructions in your letter and pay all future invoices to you through the San Anselmo office." This evidence would support an implied finding that the defendant had agreed to perform its contract in Marin County, hence that Marin is a county in which section 16 of Article XII of the state Constitution permits that defendant to be sued.

*After the filing and service of the amended complaint,* * which joined the additional four defendants, *each of the de-*

---

*The amended complaint contains the same four counts that were pleaded in the original complaint and a fifth count for an additional load of lumber sold and delivered.

*fendants moved for transfer of the cause to Los Angeles County,* the residence or the principal place of business and residence of the moving party. Their motions were denied. The appeals of the four new defendants are now before us.

Upon such a motion the basic test is furnished by section 395 of the Code of Civil Procedure: " (1) In all other cases, except as in this section otherwise provided, . . . the county in which the defendants, or some of them, reside at the commencement of the action is the proper county for the trial of the action. . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

In respect to the defendant corporations, we have additionally to consider section 16 of article XII of the state Constitution: "A corporation . . . may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

From the affidavits presented in support of the motions it appears that each of the individual defendants resides in Los Angeles and never resided in Marin County; and that each of the three corporations has its principal place of business in Los Angeles and never had an office or engaged in business in Marin County.

Plaintiff presented no affidavit in opposition to these motions except, it would appear, the affidavit he filed in opposition to the motion first made by Northern Timber, Inc. That affidavit would, as before, support an implied finding that Northern Timber, Inc., agreed to perform its alleged contract in Marin County and, therefore, was properly sued in that county, as authorized by section 16 of article XII of the Constitution.

That, plaintiff claims, is an all-sufficient reason for affirmance of the order appealed from, saying "it must be conceded in this case that as between the plaintiff and Northern

Timber, Inc., Marin County is the proper place for the trial of this action. That being true, the other defendants have no right to have the case tried in Los Angeles simply because their residences happen to be there . . ." Plaintiff invokes *Monogram Co.* v. *Kingsley*, 38 Cal.2d 28 [237 P.2d 265] as so holding. That case does hold that nonresident defendants cannot have a cause transferred when there is a resident individual, noncorporate defendant in the action, because section 395 of the code says that the county in which the defendants "or some of them" reside is the "proper county" for the trial of the action. This is not a holding that, when none of the defendants is a local resident and one of the defendants, a corporation, can not transfer because it promised to perform its obligation in the county of suit, none of the others may exercise the right he might otherwise have to move to the county of his residence. The court in the Monogram case carefully limited its holding to the factual situation there presented, a case in which one of the individual defendants was a local resident. (See the discussion of that type of case, at pages 29 and 30 and the "distinguishable consideration" of cases involving the joinder of local and transitory causes of action or the contract exceptions to the general venue provision where *none* of the defendants resides in the county of suit, at page 31 of 38 Cal.2d.) Plaintiff's point is not well taken.

As to individual noncorporate defendants, the court in the Monogram case said: "In such situation, reference is made to the 'important right . . . of the defendant to have the cause tried in the county of his residence' and to the burden of the plaintiff in claiming 'the exceptional right of having the cause tried in some other county,' to 'clearly bring himself within a statutory exception.' (*Goossen* v. *Clifton*, *supra*, 75 Cal.App.2d 44, 49 [170 P.2d 104]; see, also, *Bardwell* v. *Turner*, *supra*, 219 Cal. 228, 230 [25 P.2d 978]; *Turlock Theatre Co.* v. *Laws*, *supra*, 12 Cal.2d 573, 576-577 [86 P.2d 345, 120 A.L.R. 786].)'' (P. 31 of 38 Cal.2d.)

Has plaintiff in our case sustained this burden?

Its affidavit does not aid it. We find nothing in that affidavit which tends to show that any of the defendants later joined comes within any of the exceptions to the general venue provisions. Indeed, the affidavit speaks only of Northern Timber, Inc., as if it were the sole contracting party.

Certain statements in the amended complaint do affect the

defendants now appealing.* In the first count (for recovery of $1,307.43 as the agreed price for lumber sold by plaintiff to the defendants) plaintiff says they ''agreed to pay for said lumber at plaintiff's place of business in San Anselmo, California.''

The second, third, and fourth counts plead the same claim as does the first count, in different forms; i.e., as an open book account, an account stated, and debt for lumber furnished at defendant's special instance and request. The fifth count is for $1,367.73 in respect to a separate shipment of lumber allegedly furnished at defendant's special instance and request. In each of these counts (2 to 5, inclusive), the statement appears that ''in the County of Marin'' the defendants ''became, were and are indebted'' to plaintiff in the amount stated.

Appellants do not challenge the sufficiency of the statement in the first count that defendants agreed to pay in Marin County.

They do question the sufficiency (as evidence) of the statements in the other counts, that defendants ''became, were and are indebted'' in Marin County. They say these are but conclusions, not statements of fact. It is too late to make that objection now. If appellants had interposed timely objections to those portions of the complaint, at the hearing of their motions by the trial court, the trial court doubtlesss would have sustained them. Plaintiff would then have been in a position, were it so advised, to request leave of court to prepare and present a supplemental affidavit stating the relevant probative facts as plaintiff believed them to be.

It is too late now for appellants to make this type of objection. In *Falk* v. *Falk*, 48 Cal.App.2d 780 [120 P.2d 724], the appellant contended that plaintiff's affidavit was incompetent evidence for the reason that it contained averments which were hearsay and amounted to mere conclusions. In overruling that contention the court said: ''Even conceding

---

*Appellants do not question that the amended complaint, with its allegations, was properly in evidence before the trial court; e.g., in their opening brief, at page 4, appellants say that the "only evidence before the trial court in connection with the motions of the individual defendants . . . was the allegations of the first amended complaint . . . and the affidavits of Graffeo and of Holmes," and in their closing brief, at page 4, "The Record Before the Court . . . Consisted Only of the Plaintiff's Amended Complaint and the Affidavits of the Moving Defendants."

that many of the averments of the affidavit are conclusions or hearsay, they became competent evidence for the reason that they were admitted without objection. (Sec. 2009, Code Civ. Proc.; *Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 461 [168 P. 1037]; *Soares* v. *Chisletta*, 1 Cal.App.2d 402 [36 P.2d 668].)'' (P. 789.) In *People* v. *Odom*, 72 Cal. App.2d 72 [164 P.2d 68], the appellant claimed that the trial court committed error in permitting a certain witness to give his opinion (apparently, for neglecting to qualify the witness) but the reviewing court refused to consider this point ''for the reason that the law is established in California that an objection to the introduction of evidence may not be made for the first time on appeal. [Citations.].'' (P. 74.) This rule is of general application. (See, as to hearsay testimony, *Estate of Sproston*, 4 Cal.2d 717, 723 [52 P.2d 924], and *Powers* v. *Board of Public Works*, 216 Cal. 546, 552 [15 P.2d 156]; secondary evidence, *Hickey* v. *Coschina*, 133 Cal. 81, 84 [65 P. 313]; asserted lack of foundation for documentary evidence, *Supreme Grand Lodge* v. *Smith*, 7 Cal.2d 510, 513, 514 [61 P.2d 449], and *Hurd* v. *Walker*, 9 Cal.App.2d 525, 527-528 [50 P.2d 1074]; book entries not made contemporaneously with transactions recorded, *Palpar, Inc.* v. *Thayer*, 83 Cal.App.2d 809, 811 [189 P.2d 752], and *Argue* v. *Monte Regio Corp.*, 115 Cal.App. 575, 579 [2 P.2d 54]; oral statements of party or counsel not sworn, *Estate of Wilson*, 116 Cal.App.2d 523, 526-527 [253 P.2d 1011]. See, also, cases collected in 3 Cal.Jur.2d 634, Appeal and Error, § 156, and in 10 Cal.Jur. 822, Evidence, § 111.)

Appellants do not claim that upon the hearing of their motions they interposed any objection of any kind to the consideration, as evidence, of the allegations now under discussion, nor of any other allegations of the complaint. ■ Even were appellants now making such a claim we could not consider it because they have furnished only a clerk's transcript, not a reporter's transcript. (See *Douglas* v. *Westfall*, 113 Cal.App.2d 107, 111 [248 P.2d 68]; *Utz* v. *Aureguy*, 109 Cal.App.2d 803, 806-807 [241 P.2d 639].)

Moreover, the affidavits presented by Holmes, Graffeo, and W. B. Jones Lumber Company contain no statement concerning the county in which the contract, if any, was executed, nor where the obligation arose, was incurred, or was to be performed. ■ The affidavit presented by El Segundo Trucking Company is similarly lacking on this subject,

even though in that affidavit the statement appears that El Segundo at no time purchased or secured merchandise or property from the plaintiff. That statement pertains to an issue which may develop if and when El Segundo answers the complaint. If we may view it as furnishing a basis for an inference that no debt was incurred or to be performed in Marin County (because no purchase was made by El Segundo) it merely creates a conflict in the evidence, a conflict which the trial court resolved in favor of the plaintiff.

The affidavit which Northern Timber, Inc., filed in support of its last motion* has no significant bearing upon the issues now before us. The affiant states that Northern Timber, Inc., dealt only with one E. W. Whitney; has at no time dealt with plaintiff; has not ordered or purchased or agreed to purchase any lumber from plaintiff; that the sole transaction relating to or affecting the lumber sued on herein was had in Los Angeles County solely between said defendant and E. W. Whitney; "that if any implied agreement or alleged obligation whatsoever exists between this defendant and the plaintiff, the existence of which implied agreement or obligation is expressly denied by this defendant, the said agreement or obligation was wholly consummated and negotiated within the County of Los Angeles, and not elsewhere; and that performance thereof, if any existed, was to be done solely within the County of Los Angeles, and not elsewhere." The quoted statement conflicts with plaintiff's affidavit, which is buttressed by said defendant's own letter, showing that Northern Timber, Inc., agreed in writing to pay in Marin County. That conflict the trial court resolved in favor of the plaintiff.

■■■ *As to the individual defendants,* the statement in the first count of the amended complaint that the defendants agreed to pay in Marin County is not a statement that they so agreed "in writing." Also, the first count is silent as to the county in which the contract was made or the obligation incurred. In *Armstrong* v. *Smith,* 49 Cal.App.2d 528 [122 P.2d 115], it was held, in effect, that in such a case the plaintiff has failed to bring himself within any of the exceptions mentioned in section 395 of the code. ■■■ In considering the effect of the limitation expressed in section 395 that the "county in which such obligation is incurred shall

---

*It is substantially the same as the affidavit filed in support of the motion first made by Northern Timber, Inc.

be deemed to be the county in which it is to be performed, unless there is a special contract in writing to the contrary,'' the court in the Armstrong case said: ''What the legislature has in substance said is that all actions arising on contract shall be tried in the county in which the defendant resides, or in which the contract was made, unless the defendant has contracted specially and in writing as to the county in which his obligation is to be performed, in which event such county is also a proper county for the trial of the action.'' (P. 532.) ''The effect of the limitation is to cut down the number of counties in which an action may properly be tried to two, namely, the county in which the defendant resides, and the county in which the contract was made.'' (P. 531.) This holding has been cited with approval in *Hale* v. *Bohannon*, 38 Cal.2d 458, 468-469 [241 P.2d 4] ; *Caffrey* v. *Tilton*, 38 Cal. 2d 371, 374 [240 P.2d 273] ; *Campbell* v. *Clifford*, 52 Cal. App.2d 615, 618 [126 P.2d 887] ; *Wilson* v. *Hoffman*, 81 Cal. App.2d 664, 666-667 [184 P.2d 951] ; and *De Campos* v. *State Comp. Ins. Fund*, 75 Cal.App.2d 13, 20-21 [170 P.2d 60].

While it is true that in the Armstrong case there was evidence showing the county in which the contract was executed, and none in our case, as concerns these appellants, the principle would seem nevertheless to apply because of the duty of the plaintiff affirmatively to bring himself within the exception when it clearly appears that none of the defendants resides in the county in which the action is brought. (*Goossen* v. *Clifton*, 75 Cal.App.2d 44, 48 [170 P.2d 104] ; *Crofts & Anderson* v. *Johnson*, 101 Cal.App.2d 418, 420 [225 P.2d 594] ; see, also, *Brady* v. *Times-Mirror Co.*, 106 Cal. 56, 58 [39 P. 209] ; *Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515, 522 [274 P. 977].)

We conclude, as to the cause of action stated in the first count of the amended complaint, that defendants Holmes and Graffeo have the right to transfer the cause to Los Angeles County, the county of their residence.

As to them, it is not necessary to consider the other counts. In such a case as this when an individual, a noncorporate defendant establishes his right to transfer as to one count, his motion should be granted irrespective of what showing he makes concerning other counts of the complaint. (See *Goossen* v. *Clifton, supra,* 75 Cal.App.2d 44; *Crofts & Anderson* v. *Johnson, supra,* 101 CalApp.2d 418, 420-421;

*Tringali* v. *Vest*, 106 Cal.App.2d 720, 721 [236 P.2d 171]; *Gilman* v. *Nordin*, 112 Cal.App.2d 788, 790 [247 P.2d 788]; *Erwin* v. *Cee-Tee Construction Co.*, 114 Cal.App.2d 364, 370 [250 P.2d 287].)

*As to the defendant corporations who have appealed,* we have additional factors to consider.

Their rights are governed by section 16 of article XII of the state Constitution, not by section 395 of the Code of Civil Procedure. (*Hale* v. *Bohannon, supra,* 38 Cal.2d 458, 470-472, and cases there cited.)

One of the counties in which section 16 authorizes a plaintiff to sue a corporation is the county "where the contract . . . is to be performed," with no requirement that the contract be in writing. Marin is that county, as concerns the issues to be tried under the first count of the complaint.

Moreover, section 16 is silent in respect to a corporation's right of removal, except in its concluding clause, "subject to the power of the court to change the place of trial as in other cases." Its right of removal, if any, must be predicated upon that clause. (*Hale* v. *Bohannon, supra,* 38 Cal.2d 458, 469.)

Upon such a motion the burden rests upon the defendant corporation, not upon the plaintiff, to show that the action has not been brought in a county authorized by section 16. (*Chase* v. *Southern Pac. Coast R. Co.*, 83 Cal. 468 [23 P. 532]; *Rowe* v. *Policyholders Life Ins. Assn.*, 131 Cal. App. 339 [21 P.2d 443]; *Konig* v. *Associated Almond Growers,* 37 Cal.App.2d 360, 363-365 [99 P.2d 678]; *Swartz* v. *California Olive Growers' etc. Corp.*, 56 Cal.App.2d 168 [133 P.2d 20]; *G. W. McNear, Inc.* v. *Geophysical Service, Inc.*, 90 Cal.App.2d 662 [203 P.2d 550]; 25 Cal.Jur. 909-910, Venue, § 42.) Section 16 is permissive. It does not prevent a plaintiff from suing in any county in the state.

Venue as laid in the title of the action is sufficient to make a prima facie case for the trial in the county in which the action is brought. (*Chase* v. *Southern Pac. Coast R. Co.*, *supra,* 83 Cal. 468, 472; *Konig* v. *Associated Almond Growers, supra,* 37 Cal.App.2d 360, 364-365.)

The defendants claim when they showed that their principal places of business were in Los Angeles County, the burden was cast upon the plaintiff, if not before, of showing that the contract was made or to be performed, the obligation or liability arose, or the breach occurred in Marin County.

They cite *Hammond* v. *Ocean Shore Dev..Co.*, 22 Cal.App. 167 [133 P. 978], and *California Bean Growers' Assn.* v. *Fuller Co., Inc.*, 78 Cal.App. 522 [248 P. 967]. The answer is furnished by *Konig* v. *Associated Almond Growers, supra,* 37 Cal.App.2d 360, 363-364, to the effect that such statements in those and other cases were but dicta.

We conclude that the trial court was correct in impliedly finding that, as against the appellant corporations, the cause of action stated in the first count was properly brought in Marin County.

In respect to counts two to five of the complaint, we have to consider the statement in each that the defendants (including, of course, the appellant corporations) "in the county of Marin . . . became, were and are indebted to the plaintiff." These statements, competent evidence under the circumstances of this case, support an implied finding that the obligation arose in Marin County; hence, that the appellant corporations were properly sued in Marin County.

Furthermore, in a " '. . . suit upon the contract of a corporation, where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances, viewed in the light of pertinent code provisions, indicate that the parties expected or intended it to be performed' [Citations.]" (*Hale* v. *Bohannon, supra,* 38 Cal.2d 458, 466.)      This brings into play the presumptions indicated in sections 1488 and 1489 of the Civil Code. These sections "state the rules as to the place of performance in the payment of a debt. By their terms, as at common law, if there be no agreement or stipulation to the contrary, a debt is payable at the place where the creditor resides, or at his place of business, if he has one, or wherever else he may be found. (*Bank of Yolo* v. *Sperry Flour Co., supra*; *Pacific Freight Lines* v. *Pioneer Express Co.*, 39 Cal.App.2d 609, 614-615 [103 P.2d 1056]; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360, 366 [99 P.2d 678].) Under ordinary circumstances, it is the duty of the debtor to seek the creditor for the purpose of making payment." (*Hale* v. *Bohannon, supra,* 38 Cal.2d 458, 467; and, see, *Blumer* v. *Kirkman Corp.*, 38 Cal.2d 480, 484 [241 P.2d 17].) It appears from plaintiff's affidavit that its place of business was in San Anselmo, Marin County. There was, therefore, a basis for an implied finding that the place of performance of the contract of each of the corporate defendants was Marin County, making Marin a

proper county under section 16 of article XII of the Constitution.*

We conclude that the appellant corporations were not entitled, in their own right, to a change of venue. Nor may they avail themselves of the individual defendants' rights in this regard. (*Strassburger* v. *Santa Fe L. I. Co.*, 54 Cal. App. 7 [200 P. 1065]; *Walker* v. *Wells Fargo Bank & U. T. Co.*, 24 Cal.App.2d 220, 223 [74 P.2d 849].)

*The effect of joinder of the parties defendant.* Plaintiff in the amended complaint pleads five causes of action against all of the defendants in the action. If the plaintiff's rights of action are joint as against the corporations and the individuals, and if plaintiff chooses to pursue the individuals, he is bound to join them as defendants. (*Strassburger* v. *Santa Fe L. I. Co., supra,* 54 Cal.App. 7, 10.)

Such necessity does not deprive the individual defendants of their right of removal. A plaintiff cannot by joining a corporation or corporations as defendants, under the circumstances of this case, impair the right or thwart the exercise of the right of an individual defendant to remove the cause to the county of his residence. In effect, by joining the individual defendants, neither of whom resides in Marin County, plaintiff has waived whatever procedural rights were granted him by article XII, section 16, of the Constitution, to bring his action against the corporate defendants in Marin County. (*Brady* v. *Times-Mirror Co., supra,* 106 Cal. 56; *Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co.,* 107 Cal. 378 [40 P. 495]; *Nelson* v. *East Side Grocery Co.,* 26 Cal.App. 344 [146 P. 1055]; *Walker* v. *Wells Fargo Bank & U. T. Co., supra,* 24 Cal.App.2d 220, 222; *Delno* v. *Market St. Ry. Co.,* 63 Cal.App.2d 489 [147 P.2d 67]. See, also, *Strassburger* v. *Santa Fe L. I. Co., supra,* 54 Cal.App. 7.)

Since plaintiff has chosen to present his claims against these defendants in the form of a single action, alleging in each count that the obligations pleaded are the obligations of all of them, with a prayer for relief against all, and since no question of separation of parties is before us on this appeal,

---

*The provisions of Civil Code, sections 1488 and 1489, do not have the effect of a "special contract in writing" within the meaning of section 395 of the Code of Civil Procedure. Hence, though such provisions constitute an implied provision of any contract, such fact does not alter the conclusion that as to the first count the individual defendants are entitled to a change of venue to the county of their residence under the provisions of section 395 of the Code of Civil Procedure. (*Caffrey* v. *Tilton, supra,* 38 Cal.2d 371.)

we are bound to treat the action insofar as the parties are concerned, as an entire one. A similar situation was presented in *Walker* v. *Wells Fargo Bank & U. T. Co., supra,* 24 Cal.App.2d 220, 223. (A petition for hearing by the Supreme Court was denied.) In that case plaintiff brought a transitory action against an individual and a corporation. Both defendants joined in a motion for change of venue. After concluding that the individual defendant was entitled to a change of venue to the county of his residence under section 395 of the Code of Civil Procedure, the court said, "We find it unnecessary to determine whether the cause was one within the meaning of Article XII, § 16, of the Constitution, for by joining the individual defendant with the corporate defendant, plaintiffs waived the benefit of the constitutional provision at least so far as the individual defendant was concerned. [Citations.]" (P. 222.) "Both defendants here joined in the motion for a change to the city and county of San Francisco, and while the corporation was not entitled to such a change on its own behalf (*Strassburger* v. *Santa Fe L. I. Co., supra*), the situation presented to the trial court was one where there was a motion duly made by the individual defendant for a change to a proper county and there was no conflicting motion made by a codefendant. We conclude that the motion of the individual defendant should have been granted. The order is reversed with directions to the trial court to grant said motion." (P. 223.)

The same situation was presented to the trial court in our case; hence, the trial court should have granted the individual defendants' motion to transfer the entire action, as pleaded, to the county of Los Angeles. The result is that the causes pleaded against each of the corporate defendants, including Northern Timber, Inc., are carried along, under these pleadings, upon the granting of the motions of the individual defendants.

The order denying the motions for a change of venue is reversed, with instructions to the trial court, in the present state of the pleadings, to grant the motions for transfer of the action to Los Angeles County in accordance with the views herein expressed.

Peters, P. J., and Bray, J., concurred.