[Civ. No. 15897. First Dist., Div. One. May 21, 1954.]

AL A. KILLAM et al., Appellants, v. FRED RILEY et al., Respondents.

Smith & Parrish and John W. Holmdahl for Appellants.

Elliot W. Seymour and B. R. Ware for Respondents.

WOOD (Fred B.), J.—Upon this appeal by plaintiff from an order transferring the cause from Alameda to Los Angeles County at the instance of defendant C. B. S. Steel and Forge, a corporation, the question is whether or not the evidence supports the implied finding that Alameda County is not a county in which the defendant corporation may be sued upon the causes of action stated in the complaint.

"A corporation . . . may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated . . ." (Const., art. XII, § 16.)

It appears from the defendant corporation's affidavit that Los Angeles is the county "where the principal place of business of such corporation is situated" and that the only other defendant (Fred Riley, an individual) resides in Los Angeles County. Hence, Los Angeles is a proper county

in which to sue the corporate defendant. But that does not prevent Alameda from being a proper county; e.g., as the county "where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs." On this issue the defendant has produced no evidence. Its supporting affidavit is totally silent in that regard. So, we turn to the complaint which also was in evidence at the hearing of the motion.

The complaint is in two counts: One, for anticipatory breach of an express oral contract; two, a common count for the value of services rendered, clearly referring to the same transaction as does the first count.

In Count One we find the statement that the parties "entered into" the contract "in the City of Alameda, County of Alameda." That proves that Alameda is the county "where the contract is [was] made," hence a county in which the plaintiffs have the right to sue the defendant corporation upon the cause of action stated in the first count. Defendant does not question this conclusion.

In Count Two we find the statement that "in the City of Alameda, County of Alameda, State of California, defendants became indebted" to plaintiffs for services rendered, proof that Alameda is the county "where the obligation or liability arises [arose]" and as such a proper county for suit upon the second count.

Defendant questions this line of reasoning. It says the expression "became indebted" is but a conclusion and without evidentiary value, especially in an unverified complaint such as here involved; that this leaves uncontradicted that portion of the first count of the complaint which states that the plaintiffs' services were "in operations to raise and salvage a certain barge sunken off Point Orient, California"; the court takes judicial notice of the fact that Point Orient is in Contra Costa County; the place of performance determined the place of "becoming indebted"; hence, there is no showing that Alameda is a proper county under section 16 of article XII of the Constitution. There are several fallacies in this line of reasoning.

Defendant concedes that the complaint went into evidence without objection. That makes competent as evidence the statements which it contains, whether verified or unverified, whether in the form of statements of fact or expressions of opinion, and whether within the knowledge of the pleader or hearsay as to him. (*Pacific Bal Industries* v. *Northern*

*Timber, Inc.,* 118 Cal.App.2d 815, 822-823, 827 [259 P.2d 465].)* Hence the statement that the defendants became indebted in Alameda County is evidence that the obligation arose in that county.

Inferentially, it may well be tantamount to saying that the services were performed in Alameda County upon the theory that in such a case the indebtedness is deemed incurred at the place where the services are rendered. Even if that be so there is still no conflict with the evidence as to the place of performance furnished by the first count.

Count Two states that the services in suit "consisted of preparing and keeping available to defendants for salvaging operations plaintiffs' vessel the 'Ann L.'; of keeping available for defendants' use the personal services of plaintiffs; and of the operation of said vessel for said purpose of salvaging operations on August 14, 1952." Count One describes these services with greater particularity, stating that the substance of the contract was that "plaintiffs should and would prepare, make available and hold in readiness for defendants' use, plaintiffs' said vessel; that plaintiffs should and would keep their services available for the operation of said vessel; that plaintiffs should and would operate said vessel in operations to raise and salvage a certain barge sunken off Point Orient, California; that plaintiffs should and would purchase the food and fuel necessary in said operations; and further that plaintiffs should and would prepare said food for said operations when said vessel was to be in actual use therein; that in all of the aforementioned activities, plaintiffs should and would submit to said defendants control, direction and supervision." The only *place* here mentioned is Point Orient, judicially cognizable as a place in Contra Costa County, not Alameda County. The reasonable inference, of course, is that the actual work of salvaging the barge was to have been performed in Contra Costa County. There is no necessary inference that any of the preparatory work was to be performed at Point Orient, or at any other place in Contra Costa County,—such as the work of preparing plaintiffs' vessel and holding it in readiness for defendants'

---

*Hammond* v. *Ocean Shore Dev. Co.*, 22 Cal.App. 167 [133 P. 978], cited by defendant, is not in point. The expression there involved was an allegation in a common count that "defendant *was indebted* in Mono County," which "manifestly is quite different from an allegation that *defendant became indebted*" (p. 173) and was in conflict with certain statements of fact in that count of the complaint which specifically alleged the facts of the transaction.

use, the purchase of necessary food and fuel, and other preparatory work and stand-by services. Those services conceivably could have been performed in Alameda County. Significantly, too, it appears from Count One that the actual work of salvaging the barge was not performed by the plaintiffs. The plaintiffs tendered but defendants refused performance. Defendants "are now conducting the salvage operations contemplated in said contract but notwithstanding the terms thereof and said defendants' reaffirmations thereof, said defendants have used and are now using the vessel or vessels and services of one or more persons other than plaintiffs." Thus, for ought that appears in Count One, nearly all, perhaps all, of the services upon which Count Two is based may have been rendered in Alameda County. In short, it appears from the second count that the defendants became indebted in Alameda County, a statement not contradicted by any other evidence in the case.

We are mindful of the principle that it is the function of the trial court, not that of the reviewing court, to resolve conflicts in the evidence, but here *the evidence shows without conflict* that the express contract pleaded in the first count was "made" in Alameda County and that the indebtedness pleaded in the second count "arose" in Alameda County. Also, when, as here, a corporate defendant moves for a change of venue, it bears the burden of showing that the action has not been brought in a county authorized by section 16 of article XII of the Constitution. (*Chase* v. *Southern Pac. Coast R. Co.*, 83 Cal. 468 [23 P. 532] ; *Rowe* v. *Policy Holders Life Ins. Assn.*, 131 Cal.App. 339 [21 P.2d 443] ; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360, 363-365 [99 P.2d 678] ; *Swartz* v. *California Olive Growers' etc. Corp.*, 56 Cal.App.2d 168 [133 P.2d 20] ; *G. W. McNear, Inc.* v. *Geophysical Service, Inc.*, 90 Cal.App.2d 662 [203 P.2d 550] ; *Pacific Bal Industries* v. *Northern Timber, Inc., supra*, 118 Cal. App.2d 815, 826 [259 P.2d 465] ; 25 Cal.Jur. 909-910, Venue, § 42.) Here the corporate defendant has shown merely that the action was not brought in the county of its principal place of business and has failed to controvert in any way the evidence, furnished by the complaint, that the action was brought in a proper county.

In view of this conclusion it is unnecessary to consider other points urged by the plaintiffs.

The order appealed from is reversed.

Peters, P. J., and Bray, J., concurred.