[Civ. No. 4033. Second Appellate District, Division Two.—March 28, 1923.]

## ELMER E. WINTERBURN, Respondent, v. CARRIE V. SHERIFF, Appellant.

[1] REPLEVIN—CORPORATE STOCK.—An action of replevin will not lie for property so incorporeal as "stock" in a corporation.

[2] ID.—ACTION TO SECURE NEW STOCK CERTIFICATE — WRONGFUL WITHHOLDING—PLEADING.—An action brought against an individual and a corporation, pursuant to the provisions of section 328 of the Civil Code, and in which plaintiff seeks to have certain certificates evidencing the ownership of certain shares of stock of the corporation defendant held by the individual defendant canceled and new certificates issued to plaintiff, cannot be treated as an action for the replevin of such certificates, even though the complaint does allege that the certificates are "wrongfully withheld" by said individual defendant.

[3] ID.—WRONGFUL WITHHOLDING — CODE CONSTRUCTION.—The words "wrongfully withheld," as used in section 328 of the Civil Code, do not refer to a wrongful withholding of stock certificates by the corporation, but to a wrongful withholding by a third person.

[4] PLACE OF TRIAL—ACTION TO SECURE NEW STOCK CERTIFICATE— PARTIES.—In an action brought pursuant to the provisions of section 328 of the Civil Code for the purpose of securing a new or duplicate stock certificate, the corporation is a necessary party defendant; and such action is properly brought in the county where the corporation has its principal place of business.

[5] ID.—RESIDENCE OF CORPORATION.—A corporation's residence, within the meaning of that term as used in those sections of the Code of Civil Procedure which determine the place of trial of actions, is in the county where it has its principal place of business.

[6] ID. — ACTION BROUGHT IN COUNTY OF RESIDENCE — CHANGE OF VENUE.—Where an action, brought pursuant to the provisions of section 328 of the Civil Code, against a corporation and an individual for the purpose of securing a new or duplicate stock certificate is brought in the county in which the corporation has its principal place of business, a motion for a change of venue to the county where the individual defendant resides is properly denied.

1. When and against whom replevin is maintainable, note, 80 Am. St. Rep. 741.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for change of venue. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert M. Clarke for Appellant.

Chas. F. Blackstock and N. Blackstock for Respondent.

FINLAYSON, P. J..—The defendant Carrie V. Sheriff appeals from. an order denying her application for a change of the place of trial to the county of her residence, Santa Barbara County.

The action was brought in the county of Los Angeles, where the corporation defendant has its principal place of business. Save for its prayer for general relief the only remedy sought by the complaint is that which is afforded by section 328 of the Civil Code, which, so far as it is pertinent, reads: "Whenever a certificate of stock or of shares in a corporation organized under the laws of this state has been lost, destroyed or wrongfully withheld, the owner thereof may bring an action against such corporation in the superior court of the county in which is located its principal place of business, for the purpose of obtaining a new or duplicate certificate. If by the books of the corporation the stock stands in the name of a person other than the plaintiff, or if by such books it appears that some other person claims or has some right, title or interest in, or lien upon, such stock, all such persons must be made parties defendant with the corporation. Summons must be issued and served as in other civil actions, and in addition thereto, the court must direct its clerk to issue . . . a notice setting forth the pendency of the action . . . ; if no one appears within the time designated in such notice, nor within the time allowed by law after the service of such summons, the court must hear such evidence as may be offered in support of the allegations of the complaint, and make and file its decision thereon, and thereupon may enter its judgment canceling the lost, destroyed or wrongfully withheld certificate and directing the corporation, upon payment to it of all costs incurred by it in the premises and without costs against

the corporation, to issue to the plaintiff a new or duplicate certificate.''

After alleging that the defendant Penn Investment Company is a corporation having its principal place of business at Los Angeles, and that it had theretofore issued to plaintiff certain of its certificates of stock, the complaint alleges that ''the defendant Carrie V. Sheriff is wrongfully in possession of said certificates and wrongfully withholds the same from this plaintiff, who is the owner thereof as aforesaid; [and] that all of said certificates of stock are lost to this plaintiff.'' Wherefore plaintiff prays judgment ''canceling said lost certificates and each of them and directing the corporation defendant . . . to issue a new certificate.''

The points urged by appellant are: (1) Instead of being brought under section 328, the suit is in reality an action of replevin to recover the certificates alleged to be wrongfully withheld by appellant, and therefore the controversy is entirely between plaintiff and appellant; wherefore it is claimed that the action should have been transferred to the county of appellant's residence. (2) That part of section 328 which gives jurisdiction to the superior court of the county wherein the corporation has its principal place of business is repugnant to section 16 of article XII of the constitution and void. We can perceive no merit in either point.

In no sense can this be regarded as an action of replevin. It cannot be deemed to be an action to replevy the intangible shares of stock represented by the certificates. [1] An action of that character will not lie for property so incorporeal as ''stock'' in a corporation. (*Ashton* v. *Heydenfeldt,* 124 Cal. 14 [56 Pac. 624].) [2] Nor can it be treated as an action for the replevin of the certificates which evidence the shares, even though the complaint does allege that the certificates are ''wrongfully withheld'' by appellant. Plaintiff is not seeking to regain possession of the certificates. On the contrary, he seeks their cancellation and the issuance of a new certificate.

[3] Appellant's argument in support of her point that this is an action of replevin, in which she is the only necessary party defendant, is based upon the assumption that the words ''wrongfully withheld,'' as used in section 328, refer to a wrongful withholding by the corporation and not to

a wrongful withholding by a third person. Upon this assumption it is argued that because the complaint alleges the certificates to be wrongfully withheld by *appellant* it therefore states no more than a cause of action against her for the replevy of the certificates. Appellant places an erroneous construction upon the words ''wrongfully withheld,'' as used in this code section. If by these words the legislature had in view a wrongful withholding by the corporation, then that defendant would be a wrongdoer and there would have been no reason for exempting it from costs occasioned by its own wrongful act. Moreover, if appellant's construction were permissible there would be no reason in the provision which authorizes the entry of a judgment canceling the wrongfully withheld certificate and directing the issuance of a new or duplicate certificate. If the section meant that the certificate must be ''wrongfully withheld'' by the corporation, the appropriate judgment would be one directing the return of the old certificate—not its cancellation and the issuance of a new one.

It is not necessary to consider appellant's claim that there is a conflict between section 16 of article XII of the constitution and that part of section 328 which provides that the action may be brought in the superior court of the county in which is located the corporation's principal place of business. Even if such conflict did exist it would not avail appellant. The remaining provisions of section 328 and the part claimed to be unconstitutional are not so mutually connected and interdependent as to warrant the belief that the legislature would not have adopted any of the provisions of that section if it could not have given effect to its declaration that the action may be brought in the superior court of the county in which is located the corporation's principal place of business.

[4] The Penn Investment Company is a necessary party defendant. The action was brought in the county of that defendant's residence, i. e., in the county where it has its principal place of business. [5] For it is now established that a corporation's residence, within the meaning of that term as used in those sections of the Code of Civil Procedure which determine the place of the trial of actions, is in the county where it has its principal place of business. (*Cohn v. Central Pac. R. R. Co.*, 71 Cal. 488 [12 Pac. 498]; *Na-*

*tional Bank* v. *Superior Court,* 83 Cal. 491, 497 [24 Pac. 157] ; *Cook* v. *Ray Mfg. Co.,* 159 Cal. 696 [115 Pac. 318].)

[6] Under the provisions of section 395 of the Code of Civil Procedure all personal actions (with certain exceptions, among which an action of the present character does not fall) ''must be tried in the county in which the defendants, *or some of them,* reside at the commencement of the action.'' Section 16 of article XII merely gives to the plaintiff in a personal action against a corporation the optional right to sue either in the county where the principal place of business of the corporation is situated, i. e., in the county of its residence, or in the county where the contract was made or is to be performed, or where the obligation or liability arises or the breach occurs. In the instant case respondent has brought the action in the county in which the corporation has its residence. Where the action is brought in the county where a necessary party defendant has his residence, a change of venue to the county where the other defendants reside will be denied. (*Hirschfeld* v. *Sevier,* 77 Cal. 448 [19 Pac. 819] ; *Quint* v. *Dimond,* 135 Cal. 572 [67 Pac. 1034].) And this is the rule where, as here, a corporation is a necessary party defendant and the action is brought in the county of its residence. (*Hellman* v. *Logan,* 148 Cal. 58 [82 Pac. 848].) For these reasons we conclude that the motion for a change of venue was properly denied.

The case of *Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 Pac. 209], is not contrary to our conclusion. There the plaintiff, suing a corporation and two natural persons, elected to bring the action, not in the county of the corporation's residence, but in the county where the liability arose—a county in which none of the defendants resided. It was held that the plaintiff was not at liberty, while thus availing himself of the privilege given him by section 16 of article XII, to deprive a defendant other than the corporation of the right of trial in the county of his residence.

The order is affirmed.

Works, J., and Craig, J., concurred.