[Civ. No. 12060.   First Dist., Div. One.   Oct. 27, 1942.]

THE PEOPLE ex rel. L. S. KRAEMER, Respondent, v. T. FREDERICK BAGSHAW, Appellant.

John L. McNab for Appellant.

Earl Warren, Attorney General, James H. Oakley, Deputy Attorney General, and Douglas A. Nye for Respondent.

WARD, J.—This appeal by defendant presents legal questions similar to those of *People ex rel. Bagshaw* v. *Thompson, ante,* p. 147 [130 P.2d 237], and *People ex rel. Bagshaw* v. *Bagshaw, post,* p. 940 [130 P.2d 242], but based upon a different factual background.  The issue herein may be stated as follows: ''Are the duties of City Councilman of a municipal corporation of the sixth class, without charter, incompatible with the duties of County Supervisor of the County within which the municipality is located'' when imposed on one and the same person?

The trial court found the duties of such offices to be in-

compatible, and that appellant, since the filing of the oath and of the bond for the office of supervisor, "has unlawfully usurped and unlawfully held the said office of City Councilman." In a "Memorandum of Decision and Order for Findings" in *People ex rel. Bagshaw* v. *Thompson, supra,* involving, as stated, a similar issue, the trial judge stated: "Having accepted the office of director of the bridge district, after having qualified as supervisor, he now holds the office of director to the exclusion of the other two." Incompatability in the duties of city councilman and bridge director is not an issue raised by the pleadings, and we therefore refrain from expressing an opinion on that subject.

The findings disclose that prior to the 18th day of April, 1938, defendant was elected to the office of city councilman of the city of Mill Valley, county of Marin, and that on or about said date, having complied with all of the requirements incident thereto, he "was legally possessed of, and ever since . . . has been and is now enjoying the immunities and privileges appertaining to said office"; that on August 27, 1940, he was elected supervisor of the same county for a term commencing on the 6th day of January, 1941; that he filed the required oath and a sufficient bond during the month of October, 1940, and was legally possessed and is now exercising the powers, etc., of the office of supervisor.

The finding that the duties of the two offices are incompatible as to function and obligation must be upheld. The Streets and Highways Code of this state, division 2, chapter 9, article 3, provides that a board of supervisors may, by resolution adopted by a four-fifths vote of its members, declare any highway in the county lying in whole or in part within a city to be a county highway (§ 1700), whereupon a copy of the resolution is forwarded to the governing body of such city, and, upon its consent thereto (§ 1701), the board of supervisors provides for the expense of the work by levying a special tax or from the proceeds of a bond issue (§ 1702), following which, the chief executive of the city and the county supervisor by agreement designate the course of the highway (§ 1705). It is possible that the chief executive and the county supervisor in whose district the proposed highway is to be located, may not agree as to the route, in which event the chairman of the board of supervisors shall designate the streets to be used. Any member of the city council may become the chief executive of the municipality.

If, as above found, the two offices are held by the same person, the electors of the city and those of the county are deprived of undivided allegiance to their interests as citizens and electors. In the building of roads, ''A'', as supervisor, might be motivated by considerations of convenience and the best interests of the entire county, but, as city councilman, he might be swerved from such considerations by the interests of the majority of the municipal property owners. In the same way, honest and well-intentioned conflicts of interest in the performance of duties as city councilman and county supervisor could arise in the allocation of road funds. As a city of the sixth class, the city council may contract with the county supervisors for fire protection within or without the municipal limits (Stats. 1935, p. 2069; Stats. 1937, p. 540; Deering's Gen. Laws, 1937, Act 5233, § 862b). Demands for payments against the city are required ''to be audited by the city council.'' (Stats. 1933, p. 1331; Deering's Gen. Laws, 1937, Act. 5233, § 864.) Any person violating a city ordinance may be confined to the county jail, whereupon the county through its board of supervisors may make a claim against the city for the expense of such imprisonment. (Stats. 1933, p. 1332; Deering's Gen. Laws, 1937, Act 5233, § 867.) The city may adopt a retirement or pension system for city employees, and the city council may contract with the county boards of supervisors for the investment, care and administration of such funds and for services. (Stats. 1937, p. 699; Deering's Gen. Laws, 1937, Act. 5236.)

It appears that an auditing power exists not only in the supervisors over the council, but in the council over the supervisors. The existence of this power, the right to vote, to affirm, deny, correct or modify the official actions of the other official body, in which the same official took part, or had the right to do so, results in incompatibility of the offices. In a word, it is the existence of a right of one person to contract on behalf of the city and another distinct entity—the county—as the representative of each body. (*People ex rel. Chapman* v. *Rapsey,* 16 Cal.2d 636 [107 P.2d 388]; *People ex rel. Bagshaw* v. *Thompson, ante,* p. 147 [130 P.2d 237], and cases cited in both.)

The offices being incompatible, the first office, that of city councilman, became vacant, not at the time of the filing of either or both the oath and bond, but upon the actual assump-

tion of the duties of the second office. (*People. ex rel. Bagshaw* v. *Thompson, supra.*)

The findings, conclusions and judgment are modified by striking therefrom the date of October 10, 1940, in referring to the vacation of the position of city councilman, and in lieu thereof inserting the date of January 6, 1941. As so modified the judgment is affirmed, respondent to recover costs on this appeal.

Peters, P. J., and Wagler, J. pro tem., concurred.