[Civ. No. 12058.   First Dist., Div. One.   Oct. 27, 1942.]

THE PEOPLE ex rel. A. E. BAGSHAW, Plaintiff and
Appellant, v. T. F. BAGSHAW, Defendant and Appellant.

Earl Warren, Attorney General, James H. Oakley, Deputy Attorney General, and A. E. Bagshaw in pro. per., for Plaintiff and Appellant.

Thomas C. Nelson for Defendant and Appellant.

WARD, J.—This appeal involves the same questions of law, and, with the exception of dates, approximately the same factual background as that of *People ex rel. Bagshaw* v. *Thompson, ante,* p. 147 [130 P.2d 237] filed this date.

In the present case, both plaintiff and defendant have appealed; plaintiff, from the decision that defendant T. F. Bagshaw is legally and properly holding the office of bridge director; defendant, from that portion of the judgment which declares the offices of bridge director and supervisor incompatible. The latter appeal seems to have been taken out of an abundance of caution in order to obtain a review of the finding adverse to defendant on the subject of "incompatibility." Subsequently plaintiff filed a motion to dismiss defendant's appeal on the ground that the judgment was in defendant's favor, and that the question of incompatibility could be considered on plaintiff's appeal. The motion was denied.

As stated, a comparable situation to that in the Thompson case exists herein with reference to the offices involved, defendant's election and appointment thereto, his compliance with statutory requirements, assumption of duties, etc. So far as defendant Bagshaw's appeal on the question of incompatibility is concerned, the additional authorities cited by him have not changed our views, and so, on the authority of *People ex rel. Bagshaw* (the district attorney of the county of Marin) v. *Thompson, supra,* his appeal must fail.

In defendant and appellant's closing brief, the following statement appears: "Defendant is of the opinion that if this Court reaches the conclusion that the two offices are incompatible, it should find that the office of Bridge Director and not that of Supervisor is vacant. On this question defendant concurs in the views expressed by plaintiff and appellant in his opening brief." Further consideration of plaintiff's appeal is unnecessary. In assuming the functions and duties of the office of supervisor, T. F. Bagshaw relinquished all right to that of bridge director.

The judgment is reversed; plaintiff to recover costs on both appeals.

Peters, P. J., and Wagler, J. pro tem., concurred.