[Civ. No. 16688. First Dist., Div. One. Apr. 16, 1956.]

STANDARD MACHINERY COMPANY (a Corporation), Respondent, v. MARVIN J. COLEMAN et al., Appellants.

Brobeck, Phleger & Harrison for Appellants.

Irving M. Liner and Lionel B. Benas for Respondent.

AGEE, J. pro tem.*—This is an appeal by defendants from an order denying their motion for a change of venue from the Superior Court in and for the City and County of San

*Assigned by Chairman of Judicial Council.

Francisco to the Superior Court in and for the County of Mendocino. Defendants are copartners doing business as Coleman and Pennington and both are residents of Mendocino County. Their motion was made on the ground of such residence.

Plaintiff's complaint is in two counts. The first count is based upon a deficiency alleged to be due under a conditional sale contract. The second count is based upon money alleged to be due under a promissory note admittedly executed by defendants in San Francisco. If this cause of action was the only one being sued upon, venue would properly lie in San Francisco as the county "in which the contract in fact was entered into . . ." (Code Civ. Proc., § 395.) ▋ However, as stated in *Goossen* v. *Clifton*, 75 Cal.App.2d 44, 49 [170 P.2d 104], "if a plaintiff unites in one complaint two causes of action, in one of which the defendant has the right to have it tried in the county of his residence, in the other of which he is not, the defendant is entitled to have the cause tried in the county of his residence." Therefore, the discussion herein will be directed to the first count alone.

▋ The first count involves the sale of a truck-crane by plaintiff to defendants under a conditional sale contract. Defendants' affidavits in support of their motion allege their residence in Mendocino County and that the contract was signed by defendant Coleman on behalf of the partnership in Mendocino County. Plaintiff's president filed his affidavit in reply. Defendants admit that they "do not take issue" with this affidavit. It states that the original contract under which the truck-crane was sold was negotiated and entered into and signed by Coleman on behalf of the partnership in San Francisco; that the truck-crane was delivered to defendants on the basis of this original contract signed by Coleman; that some errors were discovered in this contract form signed by Coleman and that it was therefore retyped and brought to Coleman in Mendocino County for resigning; that "*the second contract signed in Mendocino County was solely and wholly done to correct the few errors without marking up the original contract, and as a convenience for said Coleman.*" (Emphasis added.)

It is a fair conclusion, in support of the trial court's ruling, that the intent of the parties was merely to correct minor errors in the first contract so that the face of the original would not be marked up and that it was not their intention

to rescind the first contract and substitute the second therefor, thereby effecting a novation. Section 1530 of the Civil Code provides that a ''Novation is the substitution of a new obligation for an existing one'' and section 1531 of the Civil Code provides that the novation must be made ''with intent to extinguish the old obligation.''

According to plaintiff's affidavit, the sale agreement was negotiated and entered into in San Francisco. The contract evidencing the agreement was signed in San Francisco. However, it contained minor errors which did not completely reflect the true agreement. The purpose of the second agreement was to correct these errors and not to rescind the old agreement under which the truck-crane had already been delivered.

Defendants concede that if the first count had pleaded and was based upon the ''pre-March 30 contract,'' venue would properly be laid in San Francisco. But they argue that it is the March 30th contract which is pleaded and this contract was admittedly signed in Mendocino County. There is nothing in the record which establishes the date upon which Coleman signed the original contract. Plaintiff's verified complaint alleges that the contract being sued upon was entered into in *San Francisco* ''on *or about* March 30, 1954'' (emphasis added), but the contract attached to the complaint and referred to therein is dated March 30, 1954, and is undoubtedly a copy of the one signed in Mendocino County.

This raises the only real question. It seems clear that plaintiff could have sued upon the original contract, as modified by the March 30th contract, and maintained venue in San Francisco. In *Joe Lowe Corp.* v. *Rasmussen*, 53 Cal. App.2d 490 [127 P.2d 1002], the parties executed a contract of sale in San Francisco. Later, in Los Angeles, they executed a supplemental agreement changing the terms of payment. Suit was filed in Los Angeles. A motion for change of venue was denied by the lower court. On appeal the order of denial was reversed, the court holding that the agreement had been entered into in San Francisco and that the supplemental agreement did not substantially alter or change the original contract.

The order denying defendants' motion for change of venue is affirmed.

Peters, P. J., and Bray, J., concurred.