[Civ. No. 17075.   First Dist., Div. Two.   Feb. 26, 1957.]

ROBERT H. DREHER, Appellant, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation) et al., Respondents.

Robert H. Dreher, in pro. per., Dale L. Stoops and Nat Frankel for Appellant.

Bodkin, Breslin & Luddy, Henry G. Bodkin, Jr., and Frank Wickhem for Respondents.

KAUFMAN, J.—This is an appeal from an order granting respondents' motion for a change of venue from the Superior Court of the City and County of San Francisco to the Superior Court in and for the County of Los Angeles.

Defendants and respondents A. B. Leckie and William Scott Brewster are private detectives licensed by the State of California. Appellant, Robert H. Dreher, a practicing attorney in Alameda County, California, instituted action against the above respondents and against respondents, the Fidelity and Casualty Company of New York, a corporation, and the Fidelity and Deposit Company of Maryland, a corporation by filing a complaint entitled ''Complaint on Surety Bonds and in Tort.'' The respondent detectives were charged with a slander committed against appellant in the course of an investigation made in the State of Arizona. The corporate defendants were sued as sureties on the bonds which they had furnished to the private detectives as required by sections 7546, 7545, 7547, and 7549 of the Business and Professions Code, which run in favor of any member of the public.

The individual respondents, both residents of Los Angeles County, filed their joint notice of and motion for a change of venue supported by affidavits. The corporate defendants and respondents both filed consent to the change of venue. Said motion was granted on October 24, 1955.

Appellant contends that the motion was erroneously granted since the corporate defendants both foreign corporations, had their principal place of business in this state in San Francisco. Section 16 of article XII of the Constitution of the State of California provides that ''A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or where the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.'' Section 395, Code of

Civil Procedure, provides that the county of residence of the defendants "or some of them" is the proper county of venue. It is admitted by all parties that the principal place of business of the corporate respondents is San Francisco, and that the residence of the individual respondents is Los Angeles.

Appellant admits that if the complaint is held to state two transitory causes of action against multiple defendants, some individual and some corporate, then the individual defendants, respondents herein, were properly granted their motion for change of venue. It is appellant's position that the complaint states but a single cause of action. ■ Where there is only one cause of action and different forms of relief are sought, the form of the action for the purpose of venue is determined by the "main relief" rule.

Clearly, this is not a case where one cause of action is pleaded in several counts according to different legal theories, such as a case where the complaint seeks recovery by pleading a contract in one count, and in other counts the same obligation based on the common counts. ■ The claim stated herein against the individual respondents, the private detectives, is clearly a tort claim for slander. The claim against the corporate respondents, the sureties, arises out of their bonds, required by statute to run in favor of any member of the public injured by their principals. This is obviously an obligation based upon contract. The tort claim is against the individual defendants. Appellant cannot argue that he has a tort claim against the surety, nor a contract claim against the principals. It is true that both claims have arisen out of the same transaction and that it is therefore permissible to join such actions. (Code Civ. Proc., §§ 379, 379b.) In *Kane* v. *Mendenhall*, 5 Cal.2d 749 [56 P.2d 498], a case wherein the principal, a real estate broker, and his surety on the statutory bond were joined as defendants, the court held that the joinder was permissible both because of the statute permitting such a joint action and the fact that the claims had arisen out of the same transaction, referred to the claim against the principal as being ex delicto and that against the surety as an obligation based on contract. (See also *Grier* v. *Ferrant*, 62 Cal.App.2d 306, 313 [144 P.2d 631].) And in the recent case of *Atherley* v. *McDonald, Young & Nelson*, 135 Cal.App.2d 383, 387 [287 P.2d 529], involving a contract to indemnify it was noted that the joinder of an action in tort with a joinder of an action against one who by contract

has assumed a direct liability for such tort was proper. In view of these cases, it cannot be doubted that we are here concerned with two causes of action, one in tort against the individual defendants only; one based on contract against the corporate defendants only, and that they have been properly joined.

Respondent maintains that when two transitory causes of action have been joined in one complaint, and there is more than one defendant the causes must be viewed separately for venue purposes, citing *Pacific Bal Industries* v. *Northern Timber, Inc.*, 118 Cal.App.2d 815 [259 P.2d 465]. That case is distinguishable from the instant case, however, in that both the individual defendants and the corporate defendants were all residents of Los Angeles County. Plaintiff sought to have the action tried in Marin County. Although the court found that the action as to three of the counts could properly be brought in Marin County against the corporation, under section 16 of article XII of the California Constitution, the individual defendants had the right to have the cause transferred to Los Angeles County. The court there stated that "when an individual, a noncorporate defendant established his right to transfer as to one count, his motion should be granted irrespective of what showing he makes concerning other counts of the complaint." This language, of course, does not necessarily mean that if an individual defendant would have a right to transfer as to one count the action must be transferred if there are other *resident* defendants, corporate or noncorporate in the county where the action is brought.

In the cases of *Goossen* v. *Clifton*, 75 Cal.App.2d 44 [170 P.2d 104], *Erwin* v. *Cee-Tee Const. Co.*, 114 Cal.App.2d 364 [250 P.2d 287] and *Standard Machinery Co.* v. *Coleman*, 140 Cal.App.2d 748 [296 P.2d 89], cited by respondents, reiterating the principle that if a plaintiff pleads two transitory causes of action in a complaint and defendant has the right to have one of them tried in the county of his residence but not the other, the cause must be transferred to the county of his residence, the actions had not been brought in a county which was the residence of any defendant in the case, and therefore the problem was not presented which is involved in this case.

In *Monogram Co.* v. *Kingsley*, 38 Cal.2d 28 [237 P.2d 265], plaintiff brought an action against several defendants for libel, slander and unfair competition in Alameda County where one of the defendants admittedly resided. All other defendants had residence in Los Angeles. The complaint

contained 20 counts charging acts of libel and slander and unfair competition committed by defendants, in some counts by all of them, in others by some of them. The Los Angeles defendants asked for change of venue to the county of their residence, arguing that the case was distinguishable from those wherein a single cause of action was stated against a number of defendants, one of whom was a resident of the county where the action was instituted, and urged that since in 10 causes of action in the case then before the court, only nonresident defendants were named, these defendants were entitled to a change of venue when not opposed by the resident defendant. They cited in support of this position the case of *Hagan* v. *Gilbert*, 83 Cal.App.2d 570 [189 P.2d 548], which stated that "When a nonresident defendant is entitled to a change of venue upon one cause of action stated in a complaint, he may not be deprived of that right because plaintiff included other causes of action in the same complaint upon which such defendant is not entitled to a change of venue." The Supreme Court pointed out that this proposition had been stated in cases involving the joinder of local and transitory causes of action or the contract exception to the general venue provision "and where *none* of the defendants resided in the county in which the respective actions were commenced . . ." It therefore follows that these last mentioned cases properly apply only where *all* of the defendants are nonresidents of the county in which the action is commenced and the plaintiff has not shown facts entitling him to have the action tried in some county other than that constituting the residence of a defendant. The principle as applied in *Hagan* v. *Gilbert, supra*, was expressly disapproved.

In the Monogram case, the court stated that "By reason of the liberal statutory joinder rules, a number of causes of action may properly be joined in the same complaint (Code Civ. Proc., § 427), and it is not necessary that each defendant be included in every cause of action. (Code Civ. Proc., § 379b.) As so noted, these joinder provisions must be correlated with the venue provisions—the former prescribing what causes and parties a single action may include and the latter prescribing where such action as an *entirety* may be tried. No objection is raised here with regard to Lewis as a properly named defendant in 12 of the 20 transitory causes of action joined in the present complaint. Accordingly, the action as an entire cause was properly retained in the county of his residence." (Emphasis ours.)

It is said in 1 Witkin, California Procedure, page 755, section 240, that under the modern rule it is not necessary that each cause affect every party joined in the complaint, and that venue statutes "relate not to causes of action but to *actions*, and prescribe the place where *an action in its entirety* may be tried." ▇ Where the joinder is not made in good faith but is simply an attempt to defeat the right of a defendant to trial at his residence, such defendants' residence under section 395, Code of Civil Procedure, is not to be considered in determining the proper place for trial. In the present case the motion was based solely on the ground that the second cause of action was against the Los Angeles defendants only, and that the Superior Court of Los Angeles County was therefore the proper court for trial. The defendants did not urge improper joinder of defendants in the trial court nor have they made such contention on appeal.

It is stated in 1 Witkin, California Procedure, page 763, section 246, that "The general rules governing joinder of defendants and the effect of such joinder on venue apply whether the defendants are individuals or corporations. Hence, if a cause of action is stated against both, and the joinder is in conformity with the statutes, the plaintiff may fix venue at the residence of either the individual or the corporation. (*Winterburn* v. *Sheriff* (1923), 61 Cal.App. 531, 535 [215 P. 406] ; *Aisbett* v. *Paradise Mt. Min. etc. Co.* (1913), 21 Cal. App. 267 [131 P. 330] ; *Hale* v. *Bohannon* (1952), 38 Cal.2d 458, 472 [241 P.2d 4] (dictum).)"

▇ Since the joinder of the causes of action against the principals and the sureties was entirely proper (*Kane* v. *Mendenhall*, 5 Cal.2d 749 (*supra*)), it appears that the appellant having instituted his action in San Francisco, the residence of both corporate defendants, commenced said action in a proper court. This conclusion is inescapable in view of the decision of *Monogram* v. *Kingsley*, *supra*. It was said in *Kane* v. *Mendenhall*, *supra*, at page 751 that "It would be unfortunate if an interpretation of our code provisions relating to jurisdiction and to joinder required plaintiff herein to prosecute two separate actions. The liability of the principal and the liability of the surety, though differing in amount, . . . rest alike upon acts of fraud committed by the principal to the damage of plaintiff, and require the examination of questions common to both principal and surety. Actions separately tried might result in different judgments. A judgment against the principal is not conclusive in a separate action against the surety."

We must regard this matter as two distinct actions, one against the principals and one against the surety. It then follows that the action against the surety was brought in the proper court, since it was brought at the residence of the sureties.

It is our view that the venue was properly in the city and county of San Francisco and that the lower court was in error in granting the motion for change of venue.

Order reversed.

Dooling, Acting P. J., and Draper, J. pro tem.,* concurred. curred.

Respondents' petition for a hearing by the Supreme Court was denied April 25, 1957.

---

*Assigned by Chairman of Judicial Council.