[Civ. No. 31542.   Second Dist., Div. Three.   July 17, 1967.]

STATE OF CALIFORNIA, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ORA LEE FULLER, Real Party in Interest.

Harry S. Fenton, Richard G. Rypinski, Sherman E. Hollingsworth and Wendell Mortimer, Jr., for Petitioner.

No appearance for Respondent.

Mestad & Sanborn and John B. Mestad for Real Party in Interest.

MOSS, J.—The State of California seeks a writ of mandate to compel the respondent court to grant its motion for a change of venue.

The action was commenced in the Superior Court of Los Angeles County, against three corporations, Volkswagon, Inc., Universal Motors, Inc., and Goodyear Tire Company, and the State of California, to recover damages for personal injuries resulting from a highway accident which took place in Imperial County.

Before answering or demurring the defendant State of California made a motion for a change of venue to Imperial County upon the ground that the change was required by section 955.2 of the Government Code. In opposition to the motion plaintiff's attorney filed a declaration alleging that the principal place of business of two of the three corporate defendants is in Los Angeles.[1] Defendant corporations filed

---

[1] The declaration also alleged that all of the doctors whose testimony would be required by plaintiff in the case are in Los Angeles, and that plaintiff cannot afford to transport the doctors to Imperial County. That

no opposition to the motion and have not yet appeared in the action. The respondent court denied the motion on the ground that article XII, section 16 of the California Constitution controls venue of this action.

Section 955.2 of the Government Code provides: "Notwithstanding any other provision of law, where the State is named as a defendant in any action or proceeding for death or injury to person or personal property and the injury or the injury causing death occurred within this State, the proper court for the trial of the action is a court of competent jurisdiction in the county where the injury occurred or where the injury causing death occurred. The court may, on motion, change the place of the trial in the same manner and under the same circumstances as the place of trial may be changed where an action is between private parties."

The introductory clause of section 955.2 ("Notwithstanding any other provision of law,"[2]) would appear on its face to express a legislative intent that section 955.2 control venue in all tort cases in which the state is a defendant even though by reason of the joinder of other defendants venue would also be proper in a county other than that in which the injury occurred. This conclusion is supported by the wording of the second clause of section 955.2 which says, "where the State is named as *a* defendant in any action" (italics added). The use of the indefinite article "a" rather than the definite article "the" suggests the legislative intent that section 955.2 is to control in cases where the state is one of several defendants as well as in cases where it is the only defendant. The same conclusion has been expressed in the only previous decision that has considered the effect of section 955.2 (*State of California* v. *Superior Court*, 238 Cal.App.2d 691 [48 Cal.Rptr. 156]),[3] and by a leading authority on the subjects of venue

portion of plaintiff's opposition which related to convenience of plaintiff's witnesses was premature because the motion was made before an answer had been filed and the issues framed. (Code Civ. Proc., § 396b; see Witkin, Cal. Procedure (1954) Actions, § 272, pp. 793-794.) Plaintiff's attorney in his brief to this court states that all three of the corporate defendants (instead of two as stated in his declaration) have their principal places of business in Los Angeles. The difference is immaterial to our decision.

[2]Section 955.2 was enacted as part of the 1963 California Tort Claims Act. Sections 810.6 and 811 of the Government Code, enacted as part of the same statute, define "law" to include the constitutional provisions, statutes and the decisional law of this state.

[3]In that case plaintiff commenced an action against the state and an individual in Sacramento County for injuries which occurred in El Dorado County. The place of residence of the individual codefendant was

and government tort liability. (Van Alstyne, Cal. Government Tort Liability. (1964), pp. 806-807.)

█ Plaintiff contends that her right to sue the corporate defendants in the county of their principal place of business is conferred upon her by article XII, section 16 of the California Constitution and that she cannot be deprived of this privilege by section 955.2 of the Government Code, which is a statutory enactment.

Plaintiff is correct of course in her assertion that where the provisions of the Constitution and a statute are in conflict the Constitution must prevail. (*Miller & Lux* v. *Kern County Land Co.*, 134 Cal. 586, 587 [66 P. 856].) We hold however that article XII, section 16 of the Constitution and section 955.2 of the Govrenment Code are not brought into conflict by the State's motion to change venue because the plaintiff's right to select venue under the constitutional provision does not extend to actions such as this one in which the plaintiff chooses to join the State as a defendant.

No case has decided the precise question which we now consider. However, the answer can be found by reference to established rules for fixing venue in actions in which, by reason of the joinder as defendants of two or more parties, two or more inconsistent venue provisions of the Code of Civil Procedure or of the Constitution appear to be applicable to the same case (''mixed actions'').

In mixed actions in which one or more of the defendants is an individual, section 395 of the Code of Civil Procedure applies. Section 395 provides, ''In all other cases . . . the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . .'' If the county in which a mixed action is commenced would not be proper venue as to one or more of the defendants named as a party to the action, the action is then regarded as one of the ''all other cases'' mentioned in the first sentence of section 395 of the Code of Civil Procedure, and the only proper venue is a county in which one of the defendants resided at the commencement of the action. (See Chadbourn, Grossman, Van Alstyne, Cal. Pleading (1961), § 382, p. 344.)

The same rule applies where one of the defendants is a

not indicated. Plaintiff resisted the state's motion to change venue to El Dorado County on the grounds that she and all of her material witnesses resided in Sacramento County. Neither of these grounds supported venue in Sacramento County (Code Civ. Proc., § 395). The court properly held that the state's motion should have been granted.

corporation ("corporation—mixed actions"). In transitory actions against corporations venue is governed by article XII, section 16 of the Constitution which provides, "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." Where an action is commenced in a county which, although proper venue as to the corporate defendant under section 16 of article XII, is not a proper place of trial for the individual defendant, the latter is entitled, by reason of section 395 of the Code of Civil Procedure, to a change of venue of the entire case to the county of his residence. (*Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co.* (1895) 107 Cal. 378 [40 P. 495]; *Brady* v. *Times-Mirror Co.* (1895) 106 Cal. 56 [39 P. 209]; *Rosen* v. *Kessler* (1956) 145 Cal.App.2d 676 [303 P.2d 110]; *J. C. Millett Co.* v. *Latchford-Marble Glass Co.* (1956) 144 Cal. App.2d 838 [301 P.2d 914]; *Pacific Bal Industries* v. *Northern Timber, Inc.*, 118 Cal.App.2d 815, 828 [259 P.2d 465]; see Chadbourn, Grossman, Van Alstyne, Cal. Pleading (1961) § 387, p. 351.) These cases were decided upon the theory that the plaintiff cannot by joinder of a corporation with an individual deprive the individual of his statutory right to have the action tried in the county of his residence. (*McClung* v. *Watt*, 190 Cal. 155, 158 [211 P. 17]; *Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co., supra,* 107 Cal. 378, 380-381.) The plaintiff is said to have waived whatever procedural rights were granted him by article XII, section 16 of the Constitution to bring his action against the corporate defendants in a county other than the county of their residence. (See for example *Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co., supra,* 107 Cal. 378, 380; *Pacific Bal Industries* v. *Northern Timber, Inc., supra,* 118 Cal. App.2d 815, 828.) Since a corporation's principal place of business is regarded as its residence for venue purposes (*Jenkins* v. *California Stage Co.*, 22 Cal. 537; *Winterburn* v. *Sheriff,* 61 Cal.App. 531, 534 [215 P. 406]) the individual defendant may also obtain a change of venue to the county in which the principal place of business of the corporate defendant is located. (*Walker* v. *Wells Fargo Bank & Union Trust Co.*, 24 Cal.App.2d 220 [74 P.2d 849].)

On the other hand, when an action is commenced in the county in which a corporate defendant has its principal place of business (i.e., the county of its residence) an individual defendant is not entitled to have venue of the action changed to the county of his residence because the residence venue provision of section 395 of the Code of Civil Procedure is satisfied. (*Independent Iron Works, Inc.* v. *American President Lines, Ltd.* (1950) 35 Cal.2d 858 [221 P.2d 939]; *McClung* v. *Watt, supra* (1922) 190 Cal. 155 [211 P. 17]; *Hellman* v. *Logan* (1905) 148 Cal. 58 [82 P. 848]; *Winterburn* v. *Sheriff* (1923) *supra,* 61 Cal.App. 531 [215 P. 406].) These cases did not decide that venue therein was controlled by article XII, section 16 of the Constitution. The plaintiff in each case had a right under section 395 of the Code of Civil Procedure to commence the action in the county of a corporate defendant's residence irrespective of whether or not one of the defendants was a corporation or an individual. (*McClung* v. *Watt, supra,* 190 Cal. 155, 158-159.)

If the residence venue provision of article XII, section 16 of the Constitution were held to control venue over competing statutory venue provisions in corporation-mixed actions, the foregoing precedents would produce inconsistent applications of the constitutional provision, depending upon which clause of section 16 is invoked to support venue. Thus, if a corporation-mixed action were commenced in a county which would be a proper place for trial under the first two clauses of section 16 ("where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs") but would not be a proper place for trial for an individual defendant, the statutory policy of residence venue would be held to take precedence over the constitutional provision and such individual defendant would be entitled to a change of venue to the county of his residence. (*Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co., supra; Brady* v. *Times-Mirror Co., supra; Rosen* v. *Kessler, supra; J. C. Millett Co.* v. *Latchford-Marble Glass Co., supra; Pacific Bal Industries* v. *Northern Timber, Inc., supra;* see Chadbourn, Grossman, Van Alstyne, Cal. Pleading, *supra.*) On the other hand, if a corporation-mixed action were commenced in a county which would be a proper place for trial under the third clause of section 16 ("where the principal place of business of such corporation is situated"), but which would not be proper venue as to an individual defendant, the law would be, according to the foregoing precedents, that the con-

stitutional provision would take precedence. (*Independent Iron Works, Inc.* v. *American President Lines, Ltd., supra*; *McClung* v. *Watt, supra*; *Hellman* v. *Logan, supra*; *Winterburn* v. *Sheriff, supra*.) We reject a reading of the cases which would produce such an inconsistent result.

■ We conclude, therefore, that article XII, section 16 of the Constitution is entitled to no greater priority in the solution of mixed action venue problems than any applicable statutory provision. The same conclusion was expressed in an early case: ''This provision of the constitution is merely permissive to the plaintiff (*Fresno Nat. Bank* v. *Superior Court*, 83 Cal. 491 [24 P. 157]) and the provision therein that the court may 'change the place of trial, as in other cases,' indicates that it is no more controlling upon the action of the court than if it were a mere statutory enactment. Being a provision of the constitution the legislature cannot deprive the plaintiff of the privilege which it confers, but he has not thereby received any greater privilege than if the same provision had been made by statute. In either case it is only a rule of procedure to be acted upon by the court in connection with other rules of procedure.'' (*Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co., supra*, 107 Cal. 378, 381.)

■ This action was commenced in the county in which the principal places of business of two of the corporate defendants are located. Venue is therefore proper as to the corporate defendants under both the residence venue clause of section 395 of the Code of Civil Procedure and the ''principal place of business'' clause of article XII, section 16. Venue is improper, however, as to the State under section 955.2 of the Government Code. By joining the State as a defendant, the plaintiff has waived whatever procedural rights were granted to her by article XII, section 16 of the Constitution to bring her action against the corporate defendants in Los Angeles County. Under the established rules of procedure discussed above, since the action was commenced in a county in which some of the defendants (the corporations) reside, venue was properly laid in Los Angeles County. However, section 955.2 of the Government Code, by its terms, takes precedence over those rules of procedure which are embodied in the statutes and decisional law of this state. Therefore, the State is entitled to have venue of the action changed to Imperial County.

Let a peremptory writ of mandate issue requiring the Superior Court for Los Angeles County to vacate its order in *Fuller* v. *State of California et al.*, number 900864, denying the

motion of the defendant State of California to transfer said action for trial to the Superior Court for Imperial County, and to enter an order granting said motion.

Ford, P. J., and McCoy, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.