[Civ. No. 51457. First Dist., Div. Three. Oct. 19, 1981.]

SHEEMON A. WOLFE, Plaintiff and Appellant, v.
BOARD OF MEDICAL QUALITY ASSURANCE, Defendant and
Respondent.

COUNSEL

Roger L. Meredith for Plaintiff and Appellant.

George Deukmejian, Attorney General, and R. Richard Arnold, Deputy Attorney General, for Defendant and Respondent.

OPINION

ANELLO, J.*—This is an appeal from the denial of a peremptory writ of mandate which sought judicial relief from the decision of the Board of Medical Quality Assurance, denying appellant's application for reciprocity licensure.

Appellant, who was born on October 27, 1923, graduated from the Ohio College of Podiatric Medicine on June 2, 1951, and has been con-

*Assigned by the Chairperson of the Judicial Council.

tinuously licensed to practice podiatric medicine in the State of Ohio. Appellant was licensed in the State of Florida in June 1974, after passing a two-day written examination and was licensed by reciprocity in Kansas after an oral examination in approximately December 1977.

On September 12, 1977, appellant applied for a license by reciprocity to practice podiatry in California. Appellant's application was denied on May 26, 1978, pursuant to Business and Professions Code section 2310, which then read as follows: "The board shall issue a reciprocity certificate to an applicant to practice a system or mode of treating the sick or afflicted in this state that he is authorized to practice in any other state if it is a system or mode that is recognized by this chapter or any preceding practice act. Subject to the provisions of Sections 2320 and 2321, no examination for any reciprocity certificate shall be required.

"This section, however, shall apply only to persons who have been granted the degree of doctor of medicine or doctor of podiatric medicine after the completion of a full course of study as prescribed by this chapter in an approved medical or podiatric school. The 'board' referred to in this article is the State Board of Medical Examiners.

"No person who graduated from podiatric school on or before June 30, 1958, shall be eligible for a reciprocity certificate to practice podiatry."

Section 2310 was modified in 1978 and 1980 and is now section 2135 (reciprocity for physicians and surgeons) and section 2487 (reciprocity for podiatrists).[1] (All references are to Business and Professions Code unless otherwise noted.) Subsequent to appellant's application, this statute was supplemented in 1978 by the California State Legislature, which added section 2488 (then § 2310.2).[2]

---

[1]Section 2487 provides: "(a) The board shall issue a certificate to practice podiatric medicine by reciprocity if the applicant meets the requirements of this chapter. The provisions of Article 7 (commencing with Section 2135) shall apply to applicants for a certificate to practice podiatric medicine by reciprocity, except where such provisions are in conflict with or inconsistent with the provisions of this article. In respect to applicants for a certificate to practice podiatric medicine by reciprocity, any references to the 'Division of Licensing' or 'division' shall be deemed to apply to the committee. [¶] (b) No person who graduated from a school or college of podiatric medicine before July 1, 1958, shall be eligible for a reciprocity certificate."

[2]Section 2488 provides: "Notwithstanding any other provision of law, the board shall issue a certificate to practice podiatric medicine by reciprocity to an applicant if the

After an administrative hearing, a decision denying appellant's application was issued and was adopted by the Podiatry Examining Committee of the Board of Medical Quality Assurance. Thereafter, appellant filed a petition for writ of mandate which was heard in the Superior Court of the City and County of San Francisco, and it was denied on July 31, 1980. Appellant filed timely notice of appeal on September 3, 1980.

 Appellant contends that the denial of his application for reciprocity licensure constitutes a denial of equal protection and due process under the Fourteenth Amendment to the United States Constitution and article I, section 7, subdivision (a) of the California Constitution. Appellant also contends that this denial discriminated against him on the basis of his age, in violation of Government Code section 12944.[3] We find the denial did not violate appellant's constitutional rights and was not discriminatory.

Appellant's application was denied initially pursuant to section 2487 (then § 2310), which excluded persons graduating from podiatry schools before June 30, 1958, from eligibility for reciprocity licensure. Respondent thereafter amended the basis for denial by adding newly enacted section 2488 (then § 2310.2) as a ground for denial at the administrative hearing. This section sets out the requirements for applicants for reciprocity licenses to practice podiatry. All applicants

---

following requirements are met:

"(a) The applicant is licensed as a podiatrist in any other state whose written licensing examination is recognized by the board to be the equivalent in content to that administered in this state.

"(b) The applicant has been issued after June 30, 1958, a diplomate certificate by the National Board of Podiatry Examiners of the United States or has passed, after June 30, 1958, a written examination which is recognized by the board to be the equivalent in content to that administered in this state.

"(c) The applicant has practiced as a licensed podiatrist for at least four years.

"(d) The applicant takes and passes an oral and practical examination to ascertain clinical competence.

"(e) The committee determines that no disciplinary action has been taken against the applicant by any podiatric licensing authority and that the applicant has not been the subject of adverse judgments or settlements resulting from the practice of podiatric medicine which the committee determines constitutes evidence of a pattern of negligence or incompetence."

[3]This section provides in pertinent part: "It shall be unlawful for a licensing board to require any examination or establish any other qualification for licensing which has an adverse impact on any class by virtue of its race, creed, color, national origin or ancestry, sex, *age*, medical condition, or physical handicap, unless such practice can be demonstrated to be job related." (Italics added.)

are required to pass an oral examination except for those who meet the special requirements of section 2486.[4]

Appellant contends that section 2487 (formerly § 2310) is violative of the equal protection and due process clauses of the United States and California Constitutions. Since section 2487 (former § 2310) has been superseded by section 2488 (former § 2310.2), this question is moot. There was no provision for reciprocity licensure of podiatrists in California from 1945 to 1971. In 1971 the California Legislature amended section 2487 (then § 2310) to provide for reciprocity licensure of podiatrists. Persons graduating from out-of-state podiatry schools prior to June 30, 1958, were totally excluded from the reciprocity provisions.

A review of the statutes applicable to reciprocity before and after January 1, 1979, show that appellant's contentions that he suffered discrimination and a denial of equal protection are without merit. Before January 1, 1979, an applicant meeting all the requirements of section 2525.20 (now modified and codified as § 2486; see fn. 4) was eligible for licensure without taking an examination. All other applicants had to take and pass an examination, except that pre-June 1958 out-of-state graduates were totally excluded from the reciprocity provisions. It should be noted that these pre-June 1958 graduates could be licensed by taking the regular state board examinations required of unlicensed graduates.

In 1978 the California Legisláture codified new section 2488 (then § 2310.2) which requires *all* reciprocity applicants to pass a practical oral examination. The one exemption to the examination requirement is found in section 2486 (then § 2525.20) which exempts an applicant who

---

[4]Section 2486 provides: "Notwithstanding any other provision of law, the board may issue a certificate to practice podiatric medicine on the basis of a diplomate certificate issued by the National Board of Podiatry Examiners of the United States if the applicant meets the following requirements:

"(a) The application is filed within five years after the date of issuance of the diplomate certificate. If the application is filed later than five years, the applicant takes and passes an oral examination administered by the committee in accordance with Sections 2147 and 2148.

"(b) The applicant graduated from an approved school or college of podiatric medicine after June 30, 1958.

"(c) The standards of the national board on the date the diplomate certificate was issued were in no degree or particular less than those required for a certificate to practice podiatric medicine under this chapter on the same date.

"(d) The applicant has committed no acts or crimes constituting grounds for denial of a certificate under Division 1.5 (commencing with Section 475)."

graduated after June 1958, and who has been certified by the National Board of Podiatry Examiners within the previous five years. It is thus clear that the statutes in effect now and at the time of the final denial of reciprocity to appellant required all applicants, regardless of age or date of graduation from podiatry school, to pass an oral clinical examination, *unless* the applicant has been certified recently by the national board. The total exclusion of pre-June 1958 applicants contained in section 2487 (former § 2310) has had no effect on applications for reciprocity licensure of podiatrists after 1978.

There is an apparent conflict between section 2487 (former § 2310) and section 2488 (former § 2310.2). However, a review of the legislative history reveals that one of the purposes of section 2488 was to remedy the total exclusion of pre-June 1958 graduates from reciprocity licensure. The effect of section 2488 is to repeal by implication the language in section 2487 (former § 2310) referring to the total exclusion of pre-June 1958 graduates. Repeals by implication are not usually favored, but "when, as here, a subsequently enacted specific statute directly conflicts with an earlier, more general provision, it is settled that the subsequent legislation effects a limited repeal of the former statute to the extent that the two are irreconcilable." (*Governing Board v. Mann* (1977) 18 Cal.3d 819, 828 [135 Cal.Rptr. 526, 558 P.2d 1].) Further evidence that section 2488 is the operative statute controlling appellant's application for reciprocity is the language of the statute itself. It begins: "Notwithstanding any other provision of law, ..." (See *State of California* v. *Superior Court* (1967) 252 Cal.App.2d 637, 639 [60 Cal.Rptr. 653].) This language reflects the legislative intent that this section should control over any other inconsistent reciprocity provisions. Appellant is now eligible for reciprocity notwithstanding the fact that he graduated from podiatry school before June 30, 1958, but he must meet the requirements of section 2488.

 The current statutory scheme, which is the same as the one applied to appellant's application, is constitutional. The statutes treat several classes of podiatrists differently. Podiatrists certified by the national board after 1958 and who apply for reciprocity within five years of certification are treated most favorably. Those podiatrists certified by the national board before 1958 must comply with additional requirements. Such legislative classifications need only rest on a rational basis to withstand equal protection scrutiny. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 17 [112 Cal.Rptr. 786, 520 P.2d 10].) A careful study of the legislative history shows that the Podiatry Exam-

ining Committee, after study and discussion, advised the Legislature prior to the 1971 amendments, that before June 30, 1958, the standards of podiatric education and practice in other states were not equal to California's standards, and that beginning in 1959 podiatry school curricula had been upgraded, as had the national board's examination. In order to protect the public health and welfare, the Legislature determined that pre-June 1958 graduates of out-of-state podiatry schools should be treated differently. In 1978 the Legislature determined that those podiatrists certified by the national board before 1958 and those certified within five years of applying for reciprocity should be treated differently. These distinctions were not arbitrary, and the classifications in sections 2487, 2488, and 2486 bear a rational relationship to the legitimate state purpose of protecting the public from the practice of unqualified podiatrists.

Denial of the writ is affirmed.

Scott, Acting P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied November 18, 1981, and appellant's petition for a hearing by the Supreme Court was denied December 16, 1981.