BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE ANTHONY PESCETTI, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. If the City of Elk Grove is incorporated on March 7, 2000, will the offices of director of the Elk Grove Community Services District and city council member of the City of Elk Grove constitute incompatible public offices?
2. If so, what will be the consequences for a district director who is elected to the Elk Grove City Council?
3. May such newly elected city council member participate in filling by appointment the vacancy on the district board created by his or her election to the city council?
 CONCLUSIONS
1. If the City of Elk Grove is incorporated on March 7, 2000, the offices of director of the Elk Grove Community Services District and city council member of the City of Elk Grove will constitute incompatible public offices.
2. A director of the community services district who is elected to the Elk Grove City Council will immediately forfeit his or her office on the district board upon commencement of the term of office on the city council.
3. A newly elected city council member may not participate in filling by appointment the vacancy on the district board created by his or her election to the city council.
 ANALYSIS
The Legislature has enacted a comprehension statutory scheme, the Community Services District Law (Gov. Code, §§61000-61792.4),[1] authorizing the creation of community services districts to perform various governmental services in a particular area, such as providing water, sewage disposal, refuse disposal, fire protection, parks and recreation, street lighting, mosquito abatement, police protection, libraries, street maintenance, ambulance services, airports, and transportation services. (§ 61600; 73 Ops.Cal.Atty.Gen. 183, 185 (1990).)
We are informed that the Elk Grove Community Services District ("District") was formed in 1985 and currently provides fire protection, ambulance, and parks and recreation services to the residents of the District. The District covers an area of 130 square miles. On March 7, 2000, the residents of approximately 50 square miles within the District will determine whether their area will be incorporated as the City of Elk Grove ("City"). One or more District directors may become members of the city council if incorporation succeeds. The three questions presented for analysis concern the election of a District director to the city council, assuming the City is incorporated.
1. Incompatibility Of Public Offices
The first question presented for resolution concerns whether the offices of District director and city council member will constitute incompatible public offices. We conclude that they will.
In 81 Ops.Cal.Atty.Gen. 274, 275 (1998), we summarized the principles relating to the common law doctrine applicable in California that prohibits the holding of incompatible public offices:
 ". . . Under this doctrine, acceptance of the second office constitutes an automatic resignation from the first office. Offices are incompatible if there is any significant clash of duties or loyalties between the offices, or if one office has supervisory, auditory, or removal power over the other. The doctrine, however, applies only if both positions are offices. If one of the positions is that of an `employee,' the doctrine is inapplicable. [Citations.]"
The members of the District board hold "offices" for purposes of the incompatibility rule. (73 Ops.Cal.Atty.Gen., supra, at p. 185; 68 Ops.Cal.Atty.Gen. 337, 344 (1985).) City council members also hold "offices" for purposes of the rule. (78 Ops.Cal.Atty.Gen. 362, 363 (1995); 75 Ops.Cal.Atty.Gen. 10, 13 (1992).)
We have little doubt that the offices of city council member and District board director would constitute incompatible public offices. (See, e.g., 75 Ops.Cal.Atty.Gen. 10 (1992) [city council member and water district director]; 73 Ops.Cal.Atty.Gen. 354 (1990) [city council member and school district board member]; 53 Ops.Cal.Atty.Gen. 302 (1970) [city council member and county housing authority commissioner]; 41 Ops.Cal.Atty.Gen. 98 (1963) [city council member and county water district director]; 30 Ops.Cal.Atty.Gen. 184 (1957) [city council member and transit district director]. Here, it is presently contemplated that upon incorporation, the District will continue to provide fire protection, ambulance, and parks and recreation services within the City. A conflict of interests may arise as to the charges to be imposed by the District upon the City for such services. (See §§ 61621-61621.2.) We have previously determined that the setting of rates and charges by one public agency for another public agency may establish an incompatibility of offices. (See 80 Ops.Cal.Atty.Gen. 242, 245 (1997); 73 Ops.Cal.Atty.Gen., supra, at p. 184.) Were the City to contemplate establishing municipal functions currently provided by the District, a conflict of duties and loyalties may arise as to whether such services should be performed by the City or by the District. What is best for the City may differ from what is best for the District. (See 63 Ops.Cal.Atty.Gen. 916, 921 (1980).) Only one potential clash of loyalties is necessary to make two public offices incompatible. (66 Ops.Cal.Atty.Gen. 383, 384 (1983).)
In answer to the first question, therefore, we conclude that if the City is incorporated on March 7, 2000, the offices of District director and city council member will constitute incompatible public offices. 2. Consequences of Election
The second question presented concerns the effect of a District director being elected to the city council of the City. We conclude that the office of District director will be automatically vacated upon the commencement of the term of office on the city council.
The consequences of an officer assuming a second incompatible public office have been consistently stated in this state. As explained in People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636, 643-644:
 ". . . `The rule is settled with unanimity that where an individual is an incumbent of a public office and, during such incumbency, is appointed or elected to another public office and enters upon the duties of the latter, the first office becomes vacant if the two are incompatible. . . .'"
For purposes of the incompatible offices rule, an officer "enters upon the duties of the" second office when the term of the second office begins. (People ex rel. Kraemer v. Bagshaw (1942) 55 Cal.App.2d 155,157-158; People ex rel. Bagshaw v. Thompson (1942) 55 Cal.App.2d 147,153-154.)
Accordingly, any District director who is elected to the city council will immediately vacate and forfeit his or her office as a District director upon commencement of the term of office on the city council.
3. Appointment of New Director
The final question concerns whether a District director who becomes a city council member may participate in appointing his or her replacement on the District board. We conclude that such District director may not participate in the appointment of his or her successor.
Section 1780 provides:
 "(a) Notwithstanding any other provision of law, a vacancy in any elective office on the governing board of a special district . . . shall be filled as provided in this section. . . . The remaining district board members may fill the vacancy by appointment. . . . Appointments pursuant to this subdivision shall be made within a period of 60 days immediately subsequent to either the date on which the district board is notified of the vacancy or the effective date of the vacancy, whichever is later, and a notice of the vacancy shall be posted in three or more conspicuous places in the district at least 15 days before the appointment is made. . . . In lieu of making an appointment the remaining members of the board may within 60 days of the date the district board is notified of the vacancy or the effective date of the vacancy, whichever is later, call an election to fill the vacancy. . . .
 "(b) If the vacancy is not filled by the district board as specified, or if the board has not called for an election within 60 days of the date the district board is notified of the vacancy or the effective date of the vacancy, whichever is later, . . . if the district is not wholly located within a city, the board of supervisors of the county . . . may fill the vacancy within 90 days of the date the district board is notified of the vacancy or the effective date of the vacancy, whichever is later, or the . . . county supervisors may order the district to call an election to fill the vacancy. . . .
 "(c)(1) If within 90 days of the date the district board is notified of the vacancy or the effective date of the vacancy, whichever is later, the remaining members of the board or the . . . board of supervisors . . . have not filled the vacancy and no election has been called for, the district shall call an election to fill the vacancy. . . .
 "(2) If the number of remaining members of the board falls below a quorum, at the request of the district secretary, or a remaining board member, the board of supervisors . . . may waive the 60-day period provided in subdivision (a) and appoint immediately to fill the vacancy as provided in subdivision (a), or may call an election to fill the vacancy. . . .
 "The board of supervisors shall only fill enough vacancies to provide the board with a quorum.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Because of the phrase "Notwithstanding any other provision of law," the procedures set forth in section 1780 for filling vacancies on the District board control over those contained in any other statute. (See People v. DeLaCruz (1993) 20 Cal.App.4th 955, 963; In re Marriage of Dover (1971) 15 Cal.App.3d 675, 678, fn. 3; State of California v. Superior Court (1967) 252 Cal.App.2d 637, 639.)[2]
Section 1780 authorizes the "remaining" District directors to fill any vacancy on the District board by appointment. A notice of the vacancy must "be posted in three or more conspicuous places in the district at least 15 days before the appointment is made." (§ 1780, subd. (a).) Here, the vacancy will occur on the District board when the District director assumes the duties of office as a city council member. Under the terms of section 1780, it is only the "remaining" directors who are authorized to make the appointment. (Cf. Morrison v. Michael (1979) 98 Cal.App.3d 507, 513; People v. Nye (1908) 9 Cal.App. 148,153.) None of the alternatives to this appointment procedure specified in section 1780 would involve appointment by the city council of the City since the District would not be wholly located within the City. (§ 1780, subd. (b).)
For example, in lieu of the remaining District directors making the appointment, an election may be called by the remaining District directors. (§ 1780, subd. (a).) Failing either of these procedures for filling the vacancy, the county board of supervisors may make the appointment or order the District to call an election. (§1780, subd. (b).) The final option, if all other options fail, requires the District to call the election. (§ 1780, subd. (c)(1).) Finally, should the election of a District director on the city council cause the number of remaining District directors to fall below a quorum, the county board of supervisors may be directed to appoint or call an election to "fill enough vacancies to provide the board with a quorum." (§ 1780, subd. (c)(2).)
Accordingly, we conclude in answer to the third question that any District director who is elected to the city council may not participate in appointing his or her replacement to the District board.
[1] Section references are to the Government Code unless otherwise indicated.
[2] Section 61204, applicable only to community services districts, requires a vacancy on the board to "be filled by appointment by the remaining directors. . . ."